Kip HAYES, Plaintiff-Appellant,

v.

PRUDENTIAL INSURANCE COMPANY OF AMERICA, National League of Postmasters of the United States, et al., Defendants-Appellees.

Nos. 85–5527, 85–5528.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 1985.

Decided June 15, 1987.

As Corrected June 23, 1987.

Harvey R. Levine, Rick L. Bove, and Janet Lewis, San Diego, Cal., for plaintiff-appellant.

Edward R. Cohen, John T. Kotelly, Ira Mitzner and Elaine Metlin, Washington, D.C., James S. Cline, Angel Gomez, III, Los Angeles, Cal., R.J. Coughlin, Jr., San Diego, Cal., for defendants-appellees.

Phillip S. Neal, Washington, D.C.; James R. Barnett, Washington, D.C., for amicus curiae.

Before BROWNING, WIGGINS and BRUNETTI, Circuit Judges.

BRUNETTI, Circuit Judge:

This is an appeal from summary judgments granted in two consolidated cases, *Kip Hayes v. Prudential Insurance Co.*, No. 85–5527 (D.C. No. 84–1245), and *National League of Postmasters of the United States v. United States Office of Personnel Management and Nobel Hayes*, No. 85–5528 (D.C. No. 84–0341). We are asked to review the district court's rulings that federal employee health benefits lawfully may be reduced from year to year, and that the Federal Employee Health Benefits Act preempts state law tort and contract actions.

Though we are moved by the compelling circumstances surrounding Kip Hayes and his family, we find that the statute and health benefits plan we are called upon to construe require an unmistakable result. Until Congress acts to ensure continued coverage for federal enrollees who require long-term care, this court will be powerless to provide appellant with the remedy he seeks.

We affirm the district court.

## I. THE FEDERAL EMPLOYEE HEALTH BENEFITS ACT

The Federal Employee Health Benefits Act (FEHBA) established a comprehensive program to provide federal employees and retirees with subsidized health care benefits. 5 U.S.C. §§ 8901–8913 (1982 & Supp. 1987). Under the Act, the United States does not act as an insurer, but, through the Office of Personnel Management (OPM), contracts with various private carriers to develop health care plans with varying coverages and costs. The plans are for a term of one year, and are renegotiated annually.

After OPM negotiates changes with the carriers all federal enrollees are permitted to switch enrollment from one plan to another, regardless of their state of health, during a period called "open season." Each enrollee thus may obtain the most beneficial plan but is not guaranteed the same coverage in future years that had been available the preceding year.

The National League of Postmasters (NLP or Postmasters) is a nonprofit corpo-

ration and a carrier under FEHBA. Each year, OPM and Postmasters negotiate a contract that determines the benefits Postmasters will provide that year to enrollees in the Postmasters Health Benefits Plan (Plan). The contract between OPM and Postmasters sets forth the precise terms of coverage under the Plan. OPM then issues a Postmasters Benefit Brochure (Brochure) which provides a complete description of the benefits available to enrollees that year.

For several years, Prudential Insurance Company of America (Prudential) has entered into agreements with Postmasters whereby Prudential issues an annual policy to Postmasters which incorporates the terms and conditions of the Brochure as negotiated by Postmasters and OPM for the year. Pursuant to the policy, Prudential administers certain claims presented to Postmasters for payment and, in effect, guarantees that Postmasters can pay the benefits due enrollees under the Plan.

## II. FACTS AND PROCEEDINGS

Appellant Kip Hayes is the son of Nobel Hayes, a retired federal employee. Appellant was injured in a high school football game in November 1976, and was rendered a respirator-dependent quadriplegic requiring 24–hour private duty nursing care. At the time of his injury, appellant was covered as a family member under a FEHBA plan in which his father was enrolled. This plan, administered by Aetna Life Insurance Company, placed no monetary limit on the benefits for private duty nursing care. When the Aetna plan later was modified to eliminate private duty nursing care benefits, Nobel Hayes enrolled during open season in another FEHBA plan that did provide unlimited benefits for private duty nursing care. By 1982, Nobel Hayes again had switched coverage, and enrolled in the plan offered by Postmasters, which at the time had no limits on benefits for private duty nursing care.

In October 1982, following negotiations between OPM and Postmasters, the 1983 Postmasters Plan was formulated to place a $10,000 limit on benefits for private duty nursing care. By subsequent agreement between OPM and Postmasters, the 1983 Plan was amended to remove the $10,000 limit.

The Postmasters Plans for 1984 and 1985 again contained a $10,000 limit on benefits for private duty nursing care. The 1984 and 1985 Plans were not amended and, through the date of the summary judgments in both cases, contained the $10,000 limitation.

In February 1984, Postmasters filed in district court a declaratory relief action naming OPM and Nobel Hayes as defendants. *NLP v. OPM*, D.C. No. CV–84–0341–LCN. Postmasters sought a declaration that private duty nursing care benefits provided under its 1982 Plan could be reduced in subsequent policy contract years and that under its 1984 Plan Postmasters was not obligated to provide Kip Hayes with private nursing benefits in excess of $10,000.

In April 1984, appellant brought an action against Prudential and Postmasters in the Superior Court for the State of California. The action was removed to federal district court. *Hayes v. Prudential*, D.C. No. CV–84–1245–LCN. Appellant alleged that his enrollment in the 1982 Plan gave him a vested contractual right to receive, indefinitely, unlimited private duty nursing care benefits, and that Postmasters and Prudential had breached the contract by refusing to provide unlimited benefits in 1984. Based on this theory of his rights under the Plan, appellant sought damages alleging various state law causes of action including breach of a duty of good faith and fair dealing, and breach of Cal.Ins. Code § 790.03 (West 1982).

The district court granted summary judgment in favor of Postmasters in *NLP v. OPM* on the ground that benefits for private duty nursing care lawfully had been reduced to $10,000 in the 1984 Postmasters Plan and that Postmasters accordingly was not required to pay claims in excess of that amount.

In *Hayes v. Prudential*, the court granted summary judgment in favor of defendants on the grounds that the benefits lawfully had been reduced, and that the state

law claims were preempted under FEHBA, 5 U.S.C. § 8902(m)(1).

## III. DISCUSSION

### 1. *Effective Appeal.*

■ Postmasters and OPM contend that there has been no effective appeal from *NLP v. OPM.* The basis for this contention is that neither OPM nor Nobel Hayes, the named defendants, have appealed, and the appeal by Kip Hayes is not effective because he was not a party to the action.

A motions panel of this court, however, has determined that Kip Hayes' appeal in *NLP v. OPM* was effective. In his Memorandum of Points and Authorities in Opposition to Motion for Summary Judgment in the *NLP v. OPM* action, appellant requested that the district court join him as a defendant pursuant to Fed.R.Civ.P. 19. The district court treated appellant's request as a motion for consolidation with *Hayes v. Prudential*, and consolidated the cases. Consolidation by the district court led the motions panel to conclude that Kip Hayes effectively appealed from the summary judgment in *NLP v. OPM.*

### 2. *Standard of Review.*

We review de novo the district court's decision regarding the $10,000 limit on benefits and the preemption of state law claims. *See Darring v. Kincheloe*, 783 F.2d 874, 876, (9th Cir.1986) (grant of summary judgment is reviewed de novo). Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

### 3. *$10,000 Limit on Nursing Care Benefits.*

Appellant contends that the district court erred in granting summary judgment for appellees because (1) Postmasters and Prudential were required to comply with an OPM directive to provide him unlimited private duty nursing care benefits, and (2) the Plan's Catastrophic Protection provision requires Postmasters and Prudential to provide nursing care benefits without regard to the $10,000 limitation stated elsewhere in the policy.

### a) *OPM Directive.*

■ Appellant cites two sections of FEHBA which he contends grant OPM the authority to require Postmasters and Prudential to provide him with unlimited nursing care benefits.

5 U.S.C. § 8902(j) provides that "[e]ach contract under this chapter shall require the carrier to agree to pay for or provide a health service ... in an individual case if [OPM] finds that the ... family member ... is entitled thereto under the terms of the contract." This provision does not grant OPM authority unilaterally to alter or amend the terms of the Plan; it requires only that the carrier comply with OPM's interpretation of the Plan. OPM's consistently held view is that, under the Plan's terms, appellant is *not* entitled to unlimited benefits. As a result, Postmasters and Prudential were not required, under section 8902(j), to provide appellant benefits in excess of the $10,000 limit.

Appellant also cites as support 5 U.S.C. § 8909(b)(2). That section states that OPM shall set aside not more than three percent of the payments to each FEHBA plan as a contingency reserve which may be used, among other purposes, to increase the benefits in the plan from which the reserves are derived. The contingency reserve is a resource OPM can use in negotiations with a carrier to expand plan benefits. The availability of such funds was central to the agreement between OPM and Postmasters to remove the $10,000 limit from the 1983 Plan.

Appellant urges that section 8909(b)(2) grants OPM authority to compel a carrier to provide benefits beyond those in the negotiated plan. The provision apparently has not been construed by the courts. OPM interprets the provision as requiring the carrier's concurrence before contingency reserve funds may be used to extend benefits beyond those within the express terms of the Plan. OPM's interpretation of the provision is entitled to substantial deference, and will be upheld unless unreasonable. *See Filiberti v. Merit Sys. Protection Bd.*, 804 F.2d 1504, 1508 (9th Cir.1986)

We do not decide the nature or extent of OPM's authority under section 8909(b)(2). Consistent with its view that the carrier's concurrence was necessary, OPM never invoked authority under the section to direct Postmasters to provide additional benefits. Appellant has not challenged OPM's interpretation of its authority under section 8909(b)(2), nor has he alleged that OPM had a duty to ensure that contingency reserve funds be used to provide him with increased benefits. OPM, in fact, was never named as a defendant in appellant's suit to obtain nursing care benefits.

Contrary to appellant's repeated assertions, the record indicates only that OPM unsuccessfully sought Postmasters' voluntary agreement to amend the 1984 contract. We find no legal or factual bases for appellant's claim that Postmasters or Prudential violated a binding OPM directive.

b) *Catastrophic Protection.*

■ Appellant next contends that the Catastrophic Protection provision of the Plan ensures him unlimited private duty nursing care benefits. The provision, at page 20 of the Brochure, states:

CATASTROPHIC PROTECTION

Under the High Option, if, in a calendar year, the out-of-pocket expenses for coinsured eligible expenses exceed $1,000 for a person under Self Only ($2,000 per family under Self and Family) the Plan will pay 100% of the eligible expenses during the remainder of that calendar year.

Expenses incurred for the treatment of mental, psychoneurotic and personality disorders are not included under the Catastrophic Protection Benefit.

This provision requires Postmasters to pay 100% of eligible expenses (when out-of-pocket expenses exceed a certain amount) as opposed to 80% of such expenses it would pay in other situations. The provision does not, however, operate independent of the $10,000 limitation on private nursing care.

The operative language here is the phrase "eligible expenses." The eligible expenses for nursing care are set out immediately above the Catastrophic Protection provision:

PRIVATE DUTY NURSING CARE BENEFIT

Benefits for private duty nursing care by a professional registered nurse (R.N.), licensed practical nurse (L.P.N.), or a licensed vocational nurse (L.V.N.) are limited to a maximum of $10,000 per person per calendar year.

Appellant's contention that the Catastrophic Protection provision requires Postmasters to provide unlimited private nursing care benefits renders meaningless the phrase "eligible expenses" and ignores the $10,000 limitation stated plainly on the same page of the Brochure and again on page 27. *See Garvey v. Prudential Ins. Co. of America,* 596 F.Supp. 1119, 1126 (E.D.Pa.1984) (Catastrophic Protection provision is subject to the $10,000 limitation on benefits for private duty nursing care). We find no merit in appellant's alternative argument that the Brochure language is ambiguous and should be construed in his favor. *See Id.* at 1125–26.

4. *State Law Claims.*

■ The final issue before us concerns the extent to which FEHBA preempts state law. The district court granted summary judgment for appellees in *Hayes v. Prudential* on this issue on the ground that FEHBA's section 8902(m)(1) preempted appellant's state law claims.

This section reads:

The provisions of any contract under this chapter which relate to the nature or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance or plans to the extent that such law or regulation is inconsistent with such contractual provisions.

5 U.S.C. § 8902(m)(1). The policy underlying section 8902(m)(1) is to ensure uniformity in the administration of FEHBA benefits. *See* H.R.Rep. No. 282, 95th Cong., 1st Sess. 1, 4 (1977).

The parties advance differing views concerning the extent of federal preemption under FEHBA. Appellees contend that the preemption provision is extremely broad, while appellant characterizes the provision as one of "limited preemption" which precludes only those state claims that apply to the "benefit structure" of the plan. The courts are not in agreement on this question. *Compare Blue Cross & Blue Shield of Florida, Inc. v. Department of Banking and Fin.*, 791 F.2d 1501 (11th Cir.1986) (Florida's Unclaimed Property Act preempted to the extent it conflicts with federal employee benefit plan); *Myers v. United States*, 767 F.2d 1072, 1074 (4th Cir.1985) (state law which purports to allow recovery of additional benefits not contemplated by a federal insurance contract must be deemed inconsistent with and preempted by FEHBA); and *Tackitt v. Prudential Ins. Co.*, 758 F.2d 1572, 1575 (11th Cir. 1985) ("the interpretation of health insurance contracts is controlled by federal, not state, law") *with Howard v. Group Hosp. Serv.*, 739 F.2d 1508, 1510–12 (10th Cir. 1984) (approving state law interpretation of FEHBA Plan provisions).

Appellant contends that his state law claims[1] are not preempted under section 8902(m)(1), because the claims relate to the manner in which Postmasters and Prudential *processed* his benefits, and not to the "nature or extent of coverage or benefits." No such distinction can be made. Tort claims arising out of the manner in which a benefit claim is handled are not separable from the terms of the contract. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213–20, 105 S.Ct. 1904, 1912–16, 85 L.Ed.2d 206 (1985) (state tort claim stemming from manner in which a Labor Management Relations Act insurance benefit claim was handled is not independent of insurance contract and therefore is preempted by fed-

eral law). Moreover, the claims "relate to" the plan under section 8902(m)(1) as long as they have a connection with or refer to the plan. *Blue Cross*, 791 F.2d at 1504. All appellants' state law claims refer to the plan, and therefore fall under the preemption clause.

Because the state law claims invariably expand appellees' obligations under the terms of the Plan, the claims are inconsistent with the Plan and, hence, preempted under § 8902(m)(1). Our holding is supported by the Supreme Court's recent decision that the Employee Retirement Income Security Act (ERISA) preempts state common law tort and contract claims for benefits under an ERISA–regulated plan. *Pilot Life Ins. Co. v. Dedeaux,* —— U.S. ——, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). ERISA's preemption clause is similar to section 8902(m)(1) of the FEHBA.[2] And the Court held that the state claims were preempted despite a saving clause, 29 U.S.C. § 1144(b)(2)(A), which has no counterpart in the FEHBA. Thus, we hold Hayes' state law claims are preempted by the FEHBA. We note that, to the extent the state law claims are predicated on an alleged obligation of appellees to provide benefits in excess of the $10,000 limit stated in the Plan, the claims are moot in light of our ruling that no such obligation existed.

## IV. CONCLUSION

Appellant has brought an effective appeal from the summary judgment in *NLP v. OPM*. Postmasters lawfully reduced private duty nursing care benefits to $10,000 in the 1984 and 1985 Plans, and was not required by OPM or the Catastrophic Protection provision to provide appellant with benefits in excess of that amount. Appellant's state law claims are preempted under

---

1. Appellant alleged the following state law causes of action: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) breach of duties under Cal. Ins. Code § 790.03 (West 1982), (4) civil conspiracy to breach the implied covenant of good faith and fair dealing and to violate Cal. Ins. Code § 790.03 (West 1982), (5) common law fraud, and (6) breach of fiduciary duty.

2. ERISA's preemption clause states that "the provisions of this subchapter ... shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C. § 1144(a).

5 U.S.C. § 8902(m)(1). The judgment of the district court is AFFIRMED.