George **FULLER** and Leonara Fuller, individually and as parents of Amy Fuller, a minor, Plaintiffs,

v.

**BLUE CROSS & BLUE SHIELD OF FLORIDA, INC., Defendant.**

**PCA No. 87–30256RV.**

United States District Court, N.D. Florida, Pensacola Division.

Nov. 23, 1987.

**1132**

Bert Moore, Moore & Moore, P.A., Niceville, Fla., for plaintiffs.

Edward P. Nickinson, III, Carlton, Fields, Ward, Emmanuel, Smith, Cutler & Kent, P.A., Pensacola, Fla., for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

VINSON, District Judge.

This is an action to recover benefits under a contract of insurance. Pursuant to Rule 56, Federal Rules of Civil Procedure, the defendant has filed a motion for summary judgment on the ground that this case is barred by the limitations period prescribed in the insurance contract.

Upon consideration of the motion, the evidence of record, and the applicable law, I conclude that there are no genuine issues of material fact and that the defendant is entitled to judgment as a matter of law.

### A. Facts

The record evidence establishes that the following facts are not in dispute. The plaintiffs are the parents of Amy Fuller. Amy was admitted as a patient at Humana Hospital of Florida, d/b/a General Hospital of Fort Walton Beach ("Hospital"), on January 24, 1981, and was discharged on February 23, 1981. The Hospital billed the plaintiffs for the services and supplies provided in treating Amy. Subsequently, it successfully sued the plaintiffs for payment of the hospital bills.

The plaintiffs then demanded payment from the defendant for the amount of the judgment under Federal Employees Health Benefit Program, Contract No. CS–1039. By letters dated June 10 and July 17, 1981, the defendant denied coverage except for charges for diagnostic procedures.

Effective July 1, 1960, Blue Cross Association ("Blue Cross") and Blue Shield Association ("Blue Shield") entered into Contract No. CS–1039 ("Contract" or "Plan") with the United States Office of Personnel Management ("OPM") to provide a Government-wide Service Benefit Plan authorized by the Federal Employees Health Benefit Act ("FEHBA") [5 U.S.C. §§ 8901–8913]. Article II(d) of the contract provides:

> No action at law or in equity shall ... be brought at all unless brought within two years from the expiration of the time within which a claim must be filed as required by this contract.

Under the contract, which incorporates the "Service Benefit Plan" brochure as revised January 1, 1987:

> All claims must be submitted under the appropriate portion of the Plan [Basic or Supplemental] no later than December 31 of the calendar year after the one in which the covered care or service was provided.

The plaintiffs filed this suit originally in the Circuit Court in and for Okaloosa County, Florida, on April 3, 1987. Pursuant to Title 28, *United States Code*, Section 1441(a), the defendant removed the action to this Court.

### B. Law and Discussion

Article II(d) of the contract limits the time period in which an action to recover on the contract may be brought. Specifically, it requires all such actions to be commenced "within two years from the expiration of the time within which a claim must be filed as required by this contract." The time specified by the contract for filing a claim is "no later than December 31 of the calendar year after the one in which the covered care or service was provided." In this case, the covered care or service was provided from January 24, 1981, to February 23, 1981. Therefore, the contractual time period for filing a claim for this care or service expired December 31, 1982, and the time period prescribed by the contract for instituting an action to recover on the contract ended December 31, 1984. Because this case was not filed until April 3, 1987, it is time barred under the contract.

The question remaining, however, is whether the contractual limitations period is controlling. Specifically, the issue is one of preemption. Section 95.11(2)(b), *Florida Statutes* (1985), establishes a five-year limitations period for commencing an action on a written contract. Although the plain-

tiffs' claims also appear to be untimely under this statute of limitations, the defendant's motion expressly relies exclusively on the contractual limitations period. Therefore, I reach the question of whether the contractual provision preempts Section 95.11(2)(b).

Title 5, *United States Code,* Section 8902(a), authorizes OPM to contract with qualified carriers for health benefit plans. Pursuant to that authority, OPM entered into Contract No. CS–1039 with Blue Cross and Blue Shield. It is on that contract that the plaintiffs seek to recover. The provisions of the contract:

> which relate to the nature or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance or plans to the extent that such law or regulation is inconsistent with such contractual provisions. 5 U.S.C. § 8902(m)(1)

Thus, for the contractual limitations period to preempt Section 95.11(2)(b): (1) the contractual limitations period must relate to the nature or extent of coverage or benefits (including payments with respect to benefits); (2) the state statute of limitations must relate to health insurance or plans; and (3) the statutory limitations period must be inconsistent with the contractual period.

With regard to the third element, a state statute of limitations that provides for a longer limitations period than Article II(d) of the contract, and which would not time bar this case, plainly is inconsistent with Article II(d). *See Hayes v. Prudential Insurance Company of America,* 819 F.2d 921, 926 (9th Cir.1987) (state laws which explanded plan's obligations inconsistent with plan); *Myers v. United States,* 767 F.2d 1072, 1074 (4th Cir.1985) (state law purportedly allowing recovery of attorney's fees in action on health benefit plan inconsistent with plan which did not provide for award of attorney's fees). I also find that the first element is satisfied, as Article II(d) relates to the extent of "payments with respect to benefits." *See Blue Cross & Blue Shield of Florida, Inc. v. Department of Banking and Finance,* 791 F.2d 1501, 1503 (11th Cir.1986) (contract provision requiring benefit checks outstanding more than two years to be voided and credited to a "special reserve"). However, the issue posed by the second element, whether Section 95.11(2)(b) "relates to health insurance or plans," is not so easily disposed of and requires more extensive analysis. I begin by reviewing *Blue Cross & Blue Shield, supra,* where the Eleventh Circuit discussed this second element.

The dispute in *Blue Cross & Blue Shield* involved the proper disposition of benefit checks, issued pursuant to a federal employee health benefit plan, which had remained unclaimed for seven years. Under the benefit plan, benefit checks outstanding for more than two years were to be voided and credited to a special reserve. Pursuant to state law, however, the checks were to be turned over to the state, which would then search for the owner. The issue was whether the contract provision preempted the state law under Title 5, *United States Code,* Section 8902(m)(1). Because the parties agreed that the contract provision related to "payments with respect to benefits" and was inconsistent with the state law, the specific issue the court addressed was whether the state statute "relate[d] to health insurance or plans."

Finding that the legislative history of Section 8902(m)(1) provided scant insight into what Congress meant by the words "relates to," the court followed " 'the assumption that the ordinary meaning of that language accurately expresses the legislative purpose.' " 791 F.2d at 1504 (quoting *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.,* 469 U.S. 189, 194, 105 S.Ct. 658, 662, 83 L.Ed.2d 582 (1985)). It adopted the meaning given to the words "relates to" by the Supreme Court of the United States in *Shaw v. Delta Air–Lines* [463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983) ].[1] The

---

1. In *Shaw,* the Supreme Court was interpreting the preemption provision of the Employee Re-

tirement Income Security Act ("ERISA"), which provides that ERISA preempts "any and all State

Supreme Court in *Shaw* held that "[a] law 'relates to' an employee benefit plan . . . if it has a connection with or reference to such a plan." 463 U.S. at 96–97, 103 S.Ct. at 2900. On the basis of this definition, the Eleventh Circuit concluded that OPM's position in favor of preemption was reasonable and would thus be sustained in accordance with the " 'great deference' " owed to the " 'interpretation given the statute by the . . . agency charged with its administration.' " 791 F.2d at 1506 (quoting *Udall v. Tallman,* 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965)). In short, the Eleventh Circuit, in *Blue Cross & Blue Shield,* held merely that it was reasonable to construe the state statute regarding the disposition of unclaimed funds as relating to health insurance or plans.

While *Blue Cross & Blue Shield, supra,* alone provides limited guidance, viewed in light of other cases that have interpreted Section 8902(m)(1), it compels the conclusion here that Section 95.11(2)(b) relates to health insurance plans. In *Hayes v. Prudential Insurance Company of America, supra,* the plaintiff sued on various state law theories for benefits under a federal employee's health benefit plan. The Ninth Circuit found that under Section 8902(m)(1) the plaintiff's state law claims were preempted:

> Because the state law claims invariably expand [the defendants'] obligations under the terms of the Plan, the claims are inconsistent with the Plan and, hence, preempted under § 8902(m)(1). 819 F.2d at 926.

In *Myers v. United States, supra,* the plaintiff prevailed on his claim for benefits under a federal employees insurance policy and sought attorney's fees on the basis of a state statute which provided for such fees to be awarded against an insurer that refused to pay benefits "without reasonable cause or in bad faith." [S.C.Code Ann. § 38–9–320(1) (1985) ] The Fourth Circuit affirmed the district court's denial of attorney's fees on the ground that the state statute was preempted pursuant to Section 8902(m)(1). The court reasoned that because neither the federal employees insurance policy nor the FEHBA authorized an award of attorney's fees in an action to recover on the policy, "a state law which purports to allow recovery of additional benefits not contemplated by a federal insurance contract must be deemed inconsistent." 767 F.2d at 1074.

The Supreme Court in *Shaw, supra,* considered the scope of ERISA's preemption provision, which preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan. . . ." [29 U.S.C. § 1144(a) ] The specific issue was whether New York's human rights law, which prohibits employers from structuring their employee benefit plans in a manner that discriminates on the basis of pregnancy, and the state's disability benefit law, which requires employers to pay employees specific benefits, related to benefit plans. The court ruled without amplification that they clearly did. 463 U.S. at 97, 103 S.Ct. at 2900.[2]

Several conclusions can be drawn from the above cases. First, to "relate[ ] to" health insurance or plans," a state law need not specifically apply to health insurance or plans. Rather, statutes of general application, which embrace many areas in addition to health insurance, can "relate to" health insurance or plans. Second, a state law which imposes obligations on a federal employees health benefit plan (i.e., obligations which do not exist under the terms of the plan) "relates to" health insurance or plans. And third, the requirement that the state law relate to health insurance or plans seems to be subsumed in the

---

laws insofar as they may now or hereafter relate to any employee benefit plan. . . ." [29 U.S.C. § 1144(a) ] Although the Supreme Court in *Shaw* was interpreting ERISA, the Eleventh Circuit saw "no meaningful difference on the face of the statute between Congress' use of 'relates to' in ERISA and its use of the same words in section 8902(m)." 791 F.2d at 1504.

2. The Court did note, however, that "[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Id.* at 100 n. 21, 103 S.Ct. at 2901 n. 21. Since it did not see the case as "a borderline question," it expressed no view about where the line should be drawn. *Id.*

requirement that the state law and the benefit contract be inconsistent. That is, any state law that is inconsistent with a provision of a health insurance plan necessarily "relates to" a health insurance plan. In this regard, I note that the courts in *Hayes, supra,* and *Myers, supra,* gave effect to the FEHBA preemption provision merely upon a finding of inconsistency, without even considering whether the state law involved related to health insurance or plans.

Applying these principles to this case, I conclude that the applicable statute of limitations, Section 95.11(2)(b), "relates to health insurance or plans" within the meaning of Section 8902(m)(1). *See Young v. Group Hospitalization and Group Medical Services, Inc.,* No. 87–54–A (E.D.Va. April 10, 1987); *LaBelle v. Blue Cross & Blue Shield United of Wisconsin,* 548 F.Supp. 251 (W.D.Wis.1982). Even though Section 95.11(2)(b) applies to actions founded on any written contract, and not just federal employees health insurance contracts, that is not dispositive. On the other hand, the application of the statute to this case would obviously impose an obligation on the defendant's plan that it would not have by the terms of the plan. Moreover, because, as discussed above, the statute of limitations is inconsistent with the contractual limitations period, the state law necessarily "relates to" the contracted health insurance plan.

Finally, I note that the outcome reached here is consistent with the policy underlying Section 8902(m)(1) of "ensur[ing] uniformity in the administration of FEHBA benefits." *Hayes, supra,* 819 F.2d at 925 (citing H.R.Rep. No. 282, 95th Cong., 1st Sess. 1, 4 (1977)). As the defendant points out, the conclusion that contractual limitations periods do not preempt inconsistent state statutory periods would defeat this purpose. Due to the varying lengths of applicable statutes of limitations among the states, the right of a federal employee to recover benefits under a plan would, in some cases, depend on the state in which he resides.[3]

For all of the above reasons, I conclude that the plaintiffs' claims are time barred under the limitations period in the contract with the defendant. Accordingly, the defendant's motion for summary judgment is hereby GRANTED, and the Clerk of the Court is directed to enter judgment for the defendant and against the plaintiffs, together with taxable costs.

---

**3.** The plaintiffs argue that their claim is timely because the defendant did not deny their claim for benefits until their third-party complaint for those benefits, filed against Blue Cross & Blue Shield of Florida, Inc. in a state court action, was dismissed. Until the dismissal, the plaintiffs contend, the defendant had not denied them benefits because they might have recovered on the policy. The plaintiffs' argument is not sound. Under the plaintiffs' reasoning, no suit to recover on the defendant's policy would ever be untimely because the possibility of recovery, created merely by filing the suit, would mean that the plaintiff had not yet been denied benefits. This result renders the contractual limitations period meaningless. More importantly, that limitations period is not tied to the date on which benefits were denied. Rather, the limitations period begins to run upon the expiration of the time for filing a claim for coverage. Claims must be submitted by December 31 of the year after the one in which covered care or service was provided. Thus, the limitations period is tied to the date that covered care or service was provided, not the date that benefits were denied.