James R. MALL, guardian ad litem of the Estate of Segi Imani Payne, a minor, Plaintiff,

v.

ATLANTIC FINANCIAL FEDERAL, J. Richard Narvin, Metropolitan Life Insurance Company, and Chase Manhattan Bank National Association, Defendants.

Civ. A. No. 89–0527.

United States District Court, W.D. Pennsylvania.

June 23, 1989.

John Lucas, Meyer, Unkovic & Scott, Pittsburgh, Pa., for plaintiff.

Craig R. Jones, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant, Metropolitan Life Ins.

J. Richard Narvin, Pittsburgh, Pa., for J.R. Narvin.

Joel L. Lennen, Eckert, Seamans, Cherin & Mellott, Pittsburgh, Pa., for Chase Manhattan Bank.

MEMORANDUM AND ORDER

GARY L. LANCASTER, United States Magistrate.

This action for damages was originally filed in the Court of Common Pleas of Allegheny County, Pennsylvania. By Notice of Removal dated March 15, 1989, Metropolitan Life Insurance Company removed the case to the United States District Court. Before the court is Metropolitan's Rule 12(b)(6) motion to dismiss; however, because the court lacks jurisdiction to entertain this claim, it will be remanded to the state court.

A.

Accepting plaintiff's allegations as true, the following is the factual predicate for the claim:

Edgar Louis Payne died on June 20, 1984. At the time of his death, he was

insured by a life insurance policy issued by Metropolitan. The Metropolitan policy was issued under the Federal Group Life Insurance Program, pursuant to the Federal Group Life Insurance Act ("FEGLIA"). 5 U.S.C. §§ 8701–8716.[1] Segi I. Payne, a minor, is the named beneficiary of the policy. On February 9, 1987, Judge Zavarella of the Orphans Court Division of the Court of Common Pleas of Allegheny County, Pennsylvania, appointed Mildred L. Payne guardian of the estate of the minor. The court further ordered that the proceeds of the policy be paid to:

> Mildred L. Payne for payment into a segregated account for the benefit of minor child, Segi Imani Payne.

The order also specified that:

> No disbursements from this account shall be made without prior order of this honorable court. Proof of deposit to be filed.

Thereafter, Metropolitan issued a check on its Chase Manhattan Bank account in the amount of $42,033.58 which represented the insurance proceeds plus accrued interest. The check was made payable to:

> Mildred L. Payne For Deposit Only into segregated account for Segi I. Payne purs. t. court order dated 1/9/87 [sic] Pittsburgh, Pa.

On or about March 6, 1987, Mildred Payne presented the check at the Gateway office of Atlantic Financial Federal[2] ("Atlantic"); however, rather than depositing the check into a segregated account for the benefit of the minor, Mildred cashed the check. Immediately thereafter, she opened a savings account at Atlantic in her name as custodian for Segi I. Payne and deposited $37,800.00 of the proceeds into that account. From the period of March 20, 1987 through July 27, 1987, Mildred withdrew all of the funds from this account and, presumptively, dissipated the funds for her own bene-

fit.[3] There was no court order authorizing the withdrawals.

These events were brought to Judge Zavarella's attention and, on August 23, 1988, he appointed plaintiff herein, James R. Mall, Esquire, guardian ad litum for Segi Imani Payne for the purpose of conducting an investigation of these matters and reporting his findings to the court. This lawsuit is apparently the result of that investigation.

Plaintiff advances several causes of action against the various defendants as follows:

1) Atlantic Financial Federal—conversion and negligence in permitting Mildred to cash the check when the check was clearly marked For Deposit Only and in allowing Mildred to systematically withdraw all of the funds from the bank account without the prerequisite order of court;

2) J. Richard Narvin (Mildred's attorney)—negligence and breach of contract for failing to insure that Mildred dealt with the insurance proceeds in accordance with the court's order;

3) Metropolitan—breach of contract for failing to pay Segi I. Payne the proceeds of the insurance policy; and

4) Chase Manhattan Bank—unlawful conversion for honoring the check on an unauthorized endorsement and contrary to the restrictive and special language on the face of the check.

■ Both plaintiff and Atlantic have questioned the court's jurisdiction to entertain this claim; however, neither has filed a motion for remand in accordance with 28 U.S.C. § 1447(c). Nevertheless, because the issue goes to the subject matter jurisdiction of the court, the court may remand the action to the state court, *sua sponte*, if

---

1. The FEGLIA provides for group life insurance coverage for federal employees. All federal employees are automatically eligible for coverage and the amount of coverage is based on their annual salary.

2. It is unclear from the pleadings if Mildred obtained the check directly from Metropolitan or through her counsel, Mr. Narvin.

3. According to counsel neither Mildred or Segi have been seen or heard from since and, thus, are unavailable to answer questions. Plaintiff has no idea how the funds were spent.

the circumstances warrant. *Manas y Pineiro v. Chase Manhattan Bank, N.A.*, 443 F.Supp. 418 (D.C.N.Y.1978); *Recchion on behalf of Westinghouse Electric Corp. v. Kirby*, 637 F.Supp. 290 (W.D.Pa.1986). We conclude that the present circumstances warrant such action.

### B.

■ Under the removal statute, 28 U.S.C. § 1441(b), absent diversity of citizenship (as in the present case) a defendant's power to remove a state court action to federal court turns on whether the plaintiff's claim arises under federal law within the meaning of 28 U.S.C. § 1331. *La Chemise Lacoste v. Alligator Co.*, 506 F.2d 339, 343–44 (3d Cir.1974), *cert. denied*, 421 U.S. 937, 95 S.Ct. 1666, 44 L.Ed.2d 94, *reh. denied*, 421 U.S. 1006, 95 S.Ct. 2408, 44 L.Ed.2d 674 (1975); *Debevoise v. Rutland R. Corp.*, 291 F.2d 379 (2d Cir.1961), *cert. denied*, 368 U.S. 876, 82 S.Ct. 123, 7 L.Ed.2d 77 (1961). Moreover, for both removal and original jurisdiction, the federal question must appear on the face of the complaint unaided by the answer, counterclaim or petition for removal. *Gully v. First National Bank*, 299 U.S. 109, 113, 57 S.Ct. 96, 98, 81 L.Ed. 70 (1936); *La Chemise Lacoste v. Alligator Co.*, 506 F.2d 339. If it does not appear there, "no statement in the petition for removal ... can supply that want ..." *Tennessee v. Union & Planters' Bank*, 152 U.S. 454, 464, 14 S.Ct. 654, 658, 38 L.Ed. 511 (1894). More recently, the court reiterated: "(t)he federal questions 'must be disclosed upon the face of the complaint ...'" *Phillips Petroleum Co. v. Texaco Inc.*, 415 U.S. 125, 127–28, 94 S.Ct. 1002, 1003–04, 39 L.Ed.2d 209 (1974) (per curiam) (quoting *Gully v. First National Bank*, 299 U.S. at 112, 57 S.Ct. at 97). *See generally* 1A Moore's Federal Practice ¶ 0.160, p. 225–36; *United Jersey Banks v. Parell*, 783 F.2d 360 (3d Cir.1986), *cert. denied*, 476 U.S. 1170, 106 S.Ct. 2892, 90 L.Ed.2d 979 (1986); *Lee v. General Motors Co.*, 684 F.Supp. 163 (E.D.Mich.1987); *Commonwealth Land and Title Ins. Co. v. Berks Title Ins.*, 508 F.Supp. 921 (E.D.Pa. 1981).

■ Initially, Metropolitan contends that removal was appropriate because plaintiff's claim presents a federal question within the meaning of 28 U.S.C. § 1331. Specifically, Metropolitan argues that plaintiff's claim is one to determine the proper beneficiary to the insurance proceeds and that questions concerning beneficiaries under an FEGLIA policy must be determined by resorting to FEGLIA. 5 U.S.C. § 8705(a).

Section 8705(a) establishes the order of precedence in death claims and provides first to the beneficiary designated by the employee. If there is no designated beneficiary, the statute provides that proceeds go to the surviving spouse and, thereafter, in the generally accepted order of primogeniture. However, Metropolitan has misconstrued the nature of plaintiff's claim. This is not a claim to determine the appropriate beneficiary to the policy proceeds. Segi I. Payne is the named beneficiary. Plaintiff's claim does not call into question Segi I. Payne's entitlement to the proceeds; it calls into question the various defendants' conduct which resulted in and, according to plaintiff, allowed Mildred to dissipate the funds to the proper beneficiary's detriment. These are strictly state law claims sounding in negligence, conversion, and breach of contract. Resort to section 8705(a) is inapposite to the resolution of the controversy.

Metropolitan next argues that removal was proper because Congress has completely pre-empted state law with respect to any questions concerning recovery of benefits to a FEGLIA policy. The complete pre-emption doctrine provides that "Congress may so completely pre-empt a particular area, that any civil complaint raising this select group of claims is necessarily federal in character." *Railway Labor Executives Assn. v. Pittsburgh & Lake Erie R. Co.*, 858 F.2d 936, 939 (3d Cir.1988) (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)). In such cases, "any complaint that comes within the scope of the federal cause of action [created by the federal statute] necessarily arises under federal law." *Id.* Metropolitan has failed to direct us to

any authorities holding that the complete pre-emption doctrine applies to a FEGLIA insurance policy. Conversely, our review of the case law reveals that courts have determined that questions concerning FEG-LIA policies are resolved by resort to state law. *See Rollins v. Metropolitan Life Ins. Co.*, 863 F.2d 1346 (7th Cir.1988) (FEGLIA does not preempt equitable state law principle re: constructive trust in disposition of proceeds); *Metropolitan Life Ins. Co. v. Carr*, 690 F.Supp. 569 (N.D.Tx.1988) (state law controlled definition of terms describing familiar relations in FEGLIA policy); *Metropolitan Life Ins. Co. v. Spearman*, 344 F.Supp. 665 (D.C.Ala.1972) (whether one is lawful widow of deceased spouse can only be determined by reference to validity of marriage as determined by state law).[4]

Finally, Metropolitan filed a supplemental brief which advanced the argument that plaintiff's prayer for punitive damages raises a federal question because Congress's statutory scheme for the FEGLIA program includes a specific provision preempting state law which is inconsistent with a policy provision. According to plaintiff, a claim for punitive damages arises under state law, however, the policy specifically limits any recovery under the policy to the benefit claimed plus reasonable attorneys fees set by the court. In support of its argument, Metropolitan directs us to *Hayes v. Prudential Life Ins. Co.*, 819 F.2d 921 (9th Cir.1987), *cert. denied*, 484 U.S. 1060, 108 S.Ct. 1014, 98 L.Ed.2d 980 (1988). There, plaintiff made a claim under the Federal Employee Health Benefits Act, 5 U.S.C. §§ 8901–8913 (1982 and supplement 1987). That act has similar language to that contained in the FEGLIA relating to pre-emption of state law inconsistent with a policy provision. There, the plaintiff alleged that his enrollment in the plan gave him a vested contractual right to receive unlimited private duty nursing care benefits. The defendant, according to plaintiff,

breached the contract by refusing to provide such unlimited benefits. Plaintiff sought damages including punitive damages alleging various state law causes of action including breach of duty of fair good faith and fair dealing. The Court of Appeals for the Ninth Circuit determined that the state law claims expanded appellant's obligations under the terms of the plan, therefore the terms are inconsistent with the plan and hence pre-empted. However, Metropolitan's reliance on *Hayes* is misplaced because, again, Metropolitan misconstrues the nature of plaintiff's claim. The claim in *Hayes* was for benefits under the policy. Plaintiff's claim, however, is not a dispute over the extent of statutory or contractual rights owing to the beneficiary. In fact, plaintiff's claim is predicated on the undisputed assumption that Metropolitan paid out the total policy proceeds. Plaintiff's claim for punitive damages, therefore, is unrelated to the terms of the policy, but is related to the allegedly outrageous and vexatious manner in which the defendants allowed Mildred Payne to dissipate the policy proceeds to Segi I. Payne's detriment. Therefore, the analysis in *Hayes* is inapposite to our review.

Moreover, Metropolitan's reading of the language of section 8709(d)(1) is somewhat strained. That section does not make such a sweeping statement as to pre-empt "any state law which is inconsistent with a policy provision," as Metropolitan alleges. But rather, the applicable provision states:

> The provisions of any contract under this chapter which relate to the nature and extent of coverage or benefits (including payments with respect to benefits) shall supersede and pre-empt any state law of any state ... *which relates to group life insurance* to the extent that the law or regulations is inconsistent with the contractual provisions. (emphasis added)

5 U.S.C. § 8709(d)(1). Pennsylvania law applicable to punitive damages does not

---

4. In those instances where the pre-emption doctrine was applied, the controversy concerned a determination of the proper beneficiary to the proceeds. *O'Neal v. Gonzalez,* 839 F.2d 1437 (11th Cir.1988) (live-in girlfriend's contract right to proceeds versus a designated beneficiary);

*Metropolitan Life Ins. Co. v. McShan,* 577 F.Supp. 165 (N.D.Cal.1983) (former wife was awarded benefits by state court as part of divorce decree versus widow, the named beneficiary).

"relate to group life insurance," but rather is a remedy for torts committed in an outrageous and vexatious manner.

### Conclusion

We have carefully considered all of Metropolitan's arguments and find no merit in any of them. Although Metropolitan uses the appropriate language, we are left with the inescapable conclusion that plaintiff's complaint sounds purely in Pennsylvania common law language and theories of recovery. It neither expressly advanced nor impliedly suggested a federal cause of action nor are these claims preempted by federal law. Accordingly, there is no basis for federal jurisdiction to entertain the claim and this case will be remanded to state court. *Railway Labor Executives Assn. v. Pittsburgh & Lake Erie R. Co.*, 858 F.2d at 944. An appropriate order will enter.

### ORDER

AND NOW, this 23rd day of June, 1989, IT IS HEREBY ORDERED that this action is remanded to the Court of Common Pleas of Allegheny County, Pennsylvania.