Louella W. BRASSELL, Plaintiff,

v.

KANAWHA INSURANCE COMPANY
and Carla Patricia (Pat) Moore,
Defendants.

No. CIV. A.2:97CV171–D–B.

United States District Court,
N.D. Mississippi,
Delta Division.

Dec. 3, 1997.

Wallace Alfred Welshans, III, Smith, Phillips, Mitchell, Scott & Rutherford, Batesville, MS, for Plaintiff.

Alfonso Nuzzo, Markow, Walker, Reeves & Anderson, Jackson, MS, for Defendants.

## MEMORANDUM OPINION

DAVIDSON, District Judge.

Presently before the court is the motion of the plaintiff to remand this cause to the Circuit Court of Panola County, Mississippi.

Finding that the motion is well taken, the court shall grant the motion and return this matter to state court for ultimate resolution.

## I. Standard for a Motion to Remand

■ A motion to remand based upon defects in the removal procedure must be made within thirty days after the filing of the notice of removal. 28 U.S.C. § 1447(c). However, this court is required to remand any action over which it has no subject matter jurisdiction at any time before final judgment. 28 U.S.C. § 1447; *Burks v. Amerada Hess Corp.,* 8 F.3d 301, 304 (5th Cir.1993); *Buchner v. F.D.I.C.,* 981 F.2d 816, 817 (5th Cir.1993); *In re Wilson Industries,* 886 F.2d 93, 96 (5th Cir.1989). Consequently, an objection to the subject matter jurisdiction of this court may be raised by any party at any time in the course of these proceedings, and may even be raised by the court *sua sponte. See Mall v. Atlantic Financial Federal,* 127 F.R.D. 107 (W.D.Pa.1989); *Glaziers, Glass Workers of Jacksonville v. Florida Glass and Mirror of Jacksonville,* 409 F.Supp. 225, 226 (M.D.Fla.1976); 28 U.S.C. § 1447.

■ Defendant Kanawha Company ("Kanawha"), in its petition for removal, asserts that this court has jurisdiction over this cause based on complete diversity of citizenship among the parties involved. *See* 28 U.S.C. § 1332. There is no other arguable basis for federal jurisdiction in this case. If the plaintiff's citizenship is not diverse as to all of the defendants, this court does not even possess jurisdiction to hear this action. *Jernigan v. Ashland Oil,* 989 F.2d 812, 814 (5th Cir.1993). While all parties appear to agree that defendant Patricia Moore is a resident of Mississippi, and therefore a non-diverse party to the plaintiff, defendant Kanawha contends that the plaintiff fraudulently joined Moore in this action in order to defeat diversity. Therefore, Kanawha asserts, Moore's citizenship should not be considered in determining this court's jurisdiction. *Jernigan,* 989 F.2d at 815. The task before this court is clear—if Moore was fraudulently joined as a defendant, remand to the state court is improper. If, however, Moore was not fraudulently joined in this action, this court has no jurisdiction to hear this case and it must remand this cause back to state court. The non-movant carries an extremely heavy burden in establishing fraudulent joinder, and must demonstrate it by clear and convincing evidence. *Jernigan,* 989 F.2d at 815; *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir.1981). In any event, the standards used to determine whether a party has been fraudulently joined are well established within the Fifth Circuit:

> Where charges of fraudulent joinder are used to establish [federal] jurisdiction, the removing party has the burden of proving the claimed fraud.... To prove their allegation of fraudulent joinder [removing parties] must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against them in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party. We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned.

*Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir.1992). A second method to establish fraudulent joinder is by showing that there was outright fraud in the plaintiff's pleading of jurisdictional facts. *Jernigan,* 989 F.2d at 815; *B., Inc.,* 663 F.2d at 549. Finally, "a joinder is fraudulent if the facts asserted with respect to the resident defendant are shown to be so clearly false as to demonstrate that no factual basis existed for any honest belief on the part of the plaintiff that there was joint liability." *Bolivar v. R & H Oil & Gas Co., Inc.,* 789 F.Supp. 1374, 1376–77 (S.D.Miss.1991).

■ This court is not to "pre-try" the case in determining removal jurisdiction, but it may consider summary judgment-type evidence such as affidavits and deposition testimony. *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 262 (5th Cir.1995) ("While we have frequently cautioned the district courts against pretrying a case to determine removal jurisdiction, we have also endorsed a summary judgment-like procedure for disposing of fraudulent joinder claims."); *Ford v. Elsbury,* 32 F.3d 931, 935

(5th Cir.1994); *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir.1990). While not required to do so, plaintiffs may submit affidavits and deposition transcripts to supplement the factual allegations in their complaint. *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 208 (5th Cir.1993). " 'Piercing the pleadings' in this fashion is permitted so as to avoid a plaintiff's depriving diverse defendants of a federal forum by mere conclusory allegations which have no basis in fact." *Doe v. Cloverleaf Mall*, 829 F.Supp. 866, 870 (S.D.Miss.1993). As noted, the inquiry in this regard is similar to that used in a motion for summary judgment. *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir.1992).

II. Possibility of Recovery Against Defendant Moore

█ In her complaint, the essence of the plaintiff's charges against the defendant Moore is that Ms. Moore failed to procure death benefits coverage, as promised by her, under a policy of insurance issued by Kanawha to the plaintiff's deceased husband, O.C. Brassell. Kanawha concedes that the insurance policy issued to Mr. Brassell did contain a death benefits rider, and that the coverage in question was in fact available under the policy. It disputes, however, that the policy does in fact provide coverage for Mr. Brassell's death. In that the existence of the death policy provisions is no longer at issue, Kanawha contends, the plaintiff does not possess a viable claim against Ms. Moore. Nevertheless, this court must agree with the plaintiff in this case that while the Kanawha policy of insurance may indeed contain death benefits provisions, the plaintiff has a possibility of recovery against the defendant Moore for any failings that she may have committed in ensuring that coverage existed for Mr. Brassell's death—as opposed to the mere existence of coverage under the terms of the policy. That the plaintiff may be unlikely to recover is not this court's inquiry—rather, the *possibility* of recovery is this court's concern. When considering all of the relevant facts in the light most favorable to the plaintiff, the undersigned cannot say that the plaintiff has no possibility of recovery against the defendant Moore.

As this court finds that the plaintiff has a possibility of recovery against defendant Moore for her alleged wrongful actions in failing to ensure appropriate coverage under the policy of insurance issued by Kanawha, this court need not address the merits of those claims. In light of the fact that the plaintiff does indeed have a potentially viable claim against a non-diverse defendant, this court does not possess jurisdiction over this cause by virtue of the citizenship of the parties involved. Remand of this action is proper, and this court shall grant the plaintiff's motion to remand.

A separate order in accordance with this opinion shall issue this day.

## ORDER GRANTING MOTION TO REMAND

Pursuant to a memorandum opinion issued this day, it is hereby **ORDERED THAT**:

1) the plaintiff's motion to remand is hereby **GRANTED**;

2) this cause is hereby **REMANDED** to the Circuit Court of Panola County, Mississippi.