Lisa ROACH, Plaintiff–Appellant,

v.

MAIL HANDLERS BENEFIT PLAN, CNA, and Access Health, Inc., Defendants–Appellees.

No. 01–15360.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 14, 2002.

Filed Aug. 1, 2002.

Douglas C. Fladseth, Santa Rosa, California, for the plaintiff-appellant.

Denis F. Gordon, Washington, D.C., William F. Horsey, Vallejo, California, and Paul R. Hoeber, San Francisco, California, for the defendants-appellees.

Before LAY,* DAVID R. THOMPSON, and TALLMAN, Circuit Judges.

## OPINION

DAVID R. THOMPSON, Circuit Judge:

Plaintiff Lisa Roach appeals from the district court's summary judgment in favor of the Mail Handlers Benefit Plan ("Mail Handlers"), CNA,[1] and Access Health, Inc (collectively "defendants"). Roach argues the district court erred by characterizing her medical malpractice claim as a denial of benefits claim preempted by the Federal Employees Health Benefits Act (FEHBA), 5 U.S.C. §§ 8901–8914 (2002). We agree, and reverse and remand.

## BACKGROUND

Between 1991 and 1999, Roach worked as a "hot shot" firefighter for the United States Forest Service. As a federal employee covered by the FEHBA, she elected to receive her health coverage from an FEHBA plan administered by Mail Handlers. Under the terms of that plan, Roach had to obtain pre-certification for hospital stays over 24 hours.

While visiting a friend on January 16, 1998, Roach injured her ankle jogging. By the next day, her ankle had not improved. She called a number on her Mail Handlers benefit card to find a "preferred provider" hospital. Using such a provider entitled her to higher rate of reimbursement for her expenses.

The number connected Roach to an advice nurse at a service administered by Access Health, which is a subcontractor of Mail Handlers. After asking Roach about her condition, the advice nurse stated that it sounded as if Roach had a sprain, and she should use pain killers and ice. The nurse told Roach to consult a doctor if the condition did not improve in a couple of weeks. Roach did not ask for certification to visit the hospital, and the nurse did not deny such certification. In fact, certification was unnecessary; Roach was not intending to stay at the hospital for over 24 hours. The nurse offered to call back in two days, but Roach declined the offer, explaining she was about to go on vacation. Roach proceeded to take her vacation trip to Hawaii, and a later trip to Ecuador, without visiting a doctor.

When Roach attempted to return to work in March, her recovery was still in-

---

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

1. The district court held that the Claims Administration Corporation, which is the under-

writer for the Mail Handlers Benefit Plan, represents CNA's interests in this appeal. CNA is just a trademark.

complete. She then visited a medical doctor. After taking an x-ray, the doctor diagnosed a fracture that appeared to have healed 99% correctly, although the doctor later conceded his examination would not have detected all problems caused by a fracture. Over the next few months, Roach visited additional doctors, one of whom recommended surgery. She underwent this surgery, which included the placement of a screw and bracket in her ankle. The Mail Handlers reimbursed her for the surgery and other costs. In her deposition, Roach testified that despite the surgery she cannot perform the duties she used to perform as a member of the "hot shot" firefighter team.

Roach brought suit in California Superior Court. She alleged a malpractice claim, a breach of contract claim, and other state law claims. The defendants removed the action to federal district court on the basis that the FEHBA completely preempted the breach of contract claim. See 5 U.S.C. § 8902(m)(1) (2000); Carter v. Blue Cross & Blue Shield of Fla., Inc., 61 F.Supp.2d 1237, 1240–41 (N.D.Fla.1999).

In federal court, the parties consented to adjudication by Magistrate Judge Larson. The defendants moved for summary judgment, arguing that the FEHBA preempted all of Roach's claims. The court agreed, and granted summary judgment for the defendants. As to the malpractice claim, the court held Roach's allegation in her complaint that she had been denied certification for treatment made that claim a denial of benefits claim preempted by the FEHBA. Roach filed a timely notice of appeal. We have appellate jurisdiction under 28 U.S.C. § 1291.

## DISCUSSION

Roach's sole argument on appeal is that the district court erred in granting summary judgment on her malpractice claim because that claim is not preempted by the FEHBA. "We review de novo a grant of summary judgment and must determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc). We also review de novo the district court's preemption decision. Nathan Kimmel, Inc. v. DowElanco, 275 F.3d 1199, 1203 (9th Cir.2002).

The FEHBA's preemption provision, 5 U.S.C. § 8902(m)(1), ensures the uniform administration of FEHBA benefits. Hayes v. Prudential Ins. Co., 819 F.2d 921, 925(9th Cir.1987). It states:

> The terms of any contract under this chapter which relate to the nature, provision, or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance or plans.

5 U.S.C. § 8902(m)(1).

Although § 8902(m)(1)'s plain language covers all claims that "relate to" an FEHBA-administered health benefit plan, in the context of a similarly worded preemption provision in the Employee Retirement Income Security Act (ERISA), the Supreme Court has explained that the words "relate to" cannot be taken too literally.[2] "If 'relate to' were taken to extend to

---

2. "The preemption provision in ERISA, like that in the FEHBA, calls for an examination of how particular state laws 'relate to' the insurance plans that the statute regulates."

Negron v. Patel, 6 F.Supp.2d 366, 371 (E.D.Pa.1998); see 29 U.S.C. § 1144(a) (2000).

the furthest stretch of its indeterminacy, then for all practical purposes pre-emption would never run its course, for 'really, universally, relations stop nowhere.' " *N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995) (quoting H. James, Roderick Hudson xli (New York ed., World's Classics 1980)). Instead, "relates to" must be read in the context of the presumption that in fields of traditional state regulation "the historic police powers of the States [are] not to be superseded by [a] Federal Act unless that was the clear and manifest purpose of Congress." *Id.* at 655, 115 S.Ct. 1671 (quoting *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230, 67 S.Ct. 1146, 91 L.Ed. 1447 (1947)). Here, this means that we must presume that Congress did not intend to preempt the "quintessentially state-law standards of reasonable medical care," *Rush Prudential HMO, Inc. v. Moran*, — U.S. —, 122 S.Ct. 2151, 2171, 153 L.Ed.2d 375 (2002), because § 8902(m)(1) does not indicate a clear and manifest intent to preempt this area of state law. *Cf. Pegram v. Herdrich*, 530 U.S. 211, 236, 120 S.Ct. 2143, 147 L.Ed.2d 164 (2000) ("ERISA was not enacted … in order to federalize malpractice litigation. . . .").

■■ The question of how to interpret § 8902(m)(1) to protect both the federal interest in the uniform administration of FEHBA benefits and a state's interest in the quality of medical care is novel in this circuit. Other circuits, however, have decided the question in the context of both the FEHBA and ERISA. These courts have created a divide between claims based on a denial of benefits, which are preempted, and claims based on medical malpractice, which are not. *See, e.g., Corporate Health Ins., Inc. v. Tex. Dept. of Ins.*, 215 F.3d 526, 534 (5th Cir.2000) ("Al-

though state efforts to regulate an entity in its capacity as a plan administrator are preempted, managed care providers operate in a traditional sphere of state regulation when they wear their hats as medical providers.") (footnote omitted), *vacated on other grounds by Montemayor v. Corporate Health Ins.*, — U.S. —, 122 S.Ct. 2617, — L.Ed.2d — (2002); *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 356–58 (3d Cir.1995) (explaining that federal law governs the quantity of health benefits, while state law ensures the quality of benefits); *accord Pacificare, Inc. v. Burrage*, 59 F.3d 151, 153–55 (10th Cir.1995). We believe this division protects the federal interest in uniformity of FEHBA plan interpretation and preserves the traditional state interest in the quality of medical care. Accordingly we hold that denial of benefit claims are preempted by the FEHBA, but malpractice claims are not.

We note that our principle decision on FEHBA preemption, *Hayes*, 819 F.2d 921, is not inconsistent with our holding in this case. In *Hayes*, a quadriplegic brought suit against his insurance provider after the provider capped his nursing costs at $10,000 per year. *Id.* at 923. We held that the plaintiff's state law claims, all of which focused on the lawfulness of the $10,000 cap, were preempted by § 8902(m)(1). *Id.* at 925–26. We explained that "[t]ort claims arising *out of the manner in which a benefit claim is handled* are not separable from the terms of the contract." *Id.* at 926 (emphasis added). *Hayes*, thus, involved a quintessential denial of benefits claim and is not controlling as to a medical malpractice claim.

■ The issue, therefore, is whether Roach's claim is a medical malpractice or denial of benefits claim. Roach's complaint is ambiguous. It contains traditional allegations of medical malpractice, such

as that the advice nurse told Roach "the ankle was probably sprained and if it wasn't better in a couple weeks to see a doctor," Roach relied on this advice, she was actually suffering from an undiagnosed fracture, and the nurse's advice caused her harm. But the claim also contains allegations that Roach had to obtain pre-certification before going to a hospital and the nurse denied such certification. The defendants argue that these later allegations establish that Roach is challenging a decision denying benefits, thereby raising FEHBA preemption.[3]

This argument fails on the facts. At summary judgment, the depositions and exhibits revealed, and no party disputed, that Roach never asked for certification and the advice nurse never denied certification. In fact, Roach's health plan only required pre-certification for hospitals stays over 24 hours. According to the depositions, the nurse advised Roach she probably had a sprain and need not immediately see a doctor, and Roach relied on this advice to her asserted detriment. These events are solely consistent with a garden-variety medical malpractice claim.

Defendants contend FEHBA preemption is triggered because Roach's malpractice claim references her benefit plan in explaining why she contacted the advice nurse. But referencing the existence of a benefit plan in a state law claim—without more—does not endanger the uniform federal interpretation of that plan. *Cf. Kearney v. United States Healthcare,* 859 F.Supp. 182, 186 (E.D.Pa.1994) ("That one may refer to the contents of a plan to adduce evidence that it held out a particular person as its employee or agent to help sustain a cause of action does not implicate the concerns underlying the ERISA preemption provision."); *accord Negron,* 6 F.Supp.2d at 371–72 (applying *Kearney* in a FEHBA case).

## CONCLUSION

We reverse the district court's summary judgment as to Roach's medical malpractice claim, the sole remaining claim in the case. This means that the case, at least for the time being, remains in federal court. Yet, the only remaining claim is under state law. Removal of the case to federal court was proper because at that time the complaint contained a breach of contract claim which was completely preempted by the FEHBA. That breach of contract claim, however, has been dismissed. Therefore, assuming no other basis for federal jurisdiction exists, the district court may wish to consider remanding this case to state court. We leave that decision to the district court.

REVERSED and REMANDED.

---

**3.** Even if the defendants were right, such allegations may not trigger pre-emption, assuming the advice nurse denied certification based on a medical diagnosis. Recently, where the decision of a health care provider was one that mixed plan eligibility and treatment issues, the Supreme Court recognized that a claim challenging such a mixed decision ultimately boiled down to a malpractice claim. *See Pegram,* 530 U.S. at 228–29, 235–37, 120 S.Ct. 2143. But *Pegram* was not a preemption case, and we need not decide whether it applies here because Roach's claim is a garden-variety medical malpractice claim that does not raise the more difficult *Pegram* issue.