Thomas D. MOONEY, Sr., Plaintiff,

v.

BLUE CROSS OF WESTERN PENN-
SYLVANIA, Pennsylvania Blue
Shield, et al., Defendants.

Civ. A. No. 87–814.

United States District Court,
W.D. Pennsylvania.

Feb. 23, 1988.

Thomas D. Mooney, Sr., pro se.

John F. Perry, Springer, Bush & Perry, Pittsburgh, Pa., for defendants.

## MEMORANDUM ORDER

COHILL, Chief Judge.

Proceeding *pro se*, the plaintiff, a Pennsylvania resident, filed this action on February 4, 1987, in the Court of Common Pleas of Allegheny County, Pittsburgh, Pennsylvania, at No. G.D. 87–1831. A liberal reading of the plaintiff's original and amended complaints reveals that he contends that Blue Cross of Western Pennsylvania and Pennsylvania Blue Shield were his primary medical insurance providers while he was a federal employee and that they have wrongfully withheld certain medical benefits from him which he is entitled to under the terms of his agreement with them.

The defendants removed the case to this Court in April, 1987, and it was reassigned to this Judge on December 16, 1987, when it became apparent that this case is related to another which we previously decided. We will now remand this action to the Court of Common Pleas of Allegheny County, as we find that this Court does not have subject matter jurisdiction.

Pursuant to the Federal Employee Health Benefits Program (FEHBP), the federal Office of Personnel Management (OPM) contracts for and approves health benefit plans covering federal employees. *See* 5 U.S.C. §§ 8901–13. The defendants operate a plan approved by the OPM. The plaintiff alleges that he was covered by the defendants' plan and that the defendants have failed to fulfill their obligations to him. Since there is not complete diversity between the parties, we would have to find that the dispute here, solely between an alleged plan participant and an approved plan, arises "under the Constitution, laws, or treaties of the United States" in order to retain jurisdiction. 28 U.S.C. § 1331. This is a novel issue which has not been addressed by the Court of Appeals for the Third Circuit.

We conclude that there is no federal question involved in this lawsuit and will adopt the reasoning of the Tenth Circuit Court of Appeals in *Howard v. Group Hospital Service*, 739 F.2d 1508 (10th Cir. 1984), a case which addressed the identical issue presented here. Unfortunately, the defendants did not even cite this case, much less attempt to distinguish it; it falls on all fours with the instant case.

In *Howard*, a federal employee sued Blue Cross and Blue Shield of Oklahoma in an Oklahoma state court for damages resulting from Blue Cross' failure to pay claims under a FEHBP insurance policy. Blue Cross removed the case to federal court, and the trial judge denied the plaintiff's motion to remand the case to state

court. The plaintiff was not satisfied with a jury verdict in his favor and he appealed to the Tenth Circuit Court of Appeals claiming that there was no federal question and that therefore the federal trial court had improperly retained the case. The Tenth Circuit court agreed.

The court recognized that where the federal government has an articulable interest in the outcome of a dispute, federal law will govern its resolution. *Id.* at 1510. However, the plaintiff's claim was not against the United States and did not seek funds from the United States Treasury. The court could not foresee "how various state court adjudications of FEP benefits claims [would] frustrate the operation of that program or conflict with a specific national policy." *Id.* at 1511.

Blue Cross argued that because the OPM has a procedure to review denials of benefits to plan participants, to permit state courts to apply state law in interpreting the benefits policy would conflict with the federal scheme. *Id.* The court found, however, that the review procedure was designed to permit OPM to resolve major conflicts between itself and the carrier over the interpretation of the plan. *Id.* The court then cited regulations which contemplate that claims for recovery under the plans should not involve the government. In 5 C.F.R. § 890.105(a), it is stated that "OPM does not adjudicate individual claims for payment or service under health benefit plans." Another regulation states: "An action to recover on a claim for health benefits should be brought against the carrier of the health benefits plan." 5 C.F.R. § 890.107.

The court found that state court awards in FEHBP actions do not have a sufficiently direct effect on the federal treasury to necessitate federal jurisdiction. *Id.* It held that the benefits plan was a "federal contract authorized by federal law and negotiated by OPM, but the rights under the contract belong to the participants." *Id.* at 1512. A case arising out of a denial of benefits "is a private controversy in which the federal government simply does not have an interest sufficient to justify invoking federal question jurisdiction." *Id.* See also *Lopez v. Blue Cross of Louisiana,* 386 So.2d 697, 699 (La.App.1980) (state contract law governs contract action by federal employee against FEHBP insurance carrier for improperly withheld benefits).

We agree with the *Howard* decision. Like *Howard,* the case here involves a contract entered into between private parties; there is no federal question apparent on the face of the plaintiff's complaint. Furthermore, there is no federal statute that has any relevance to the issue of whether the plaintiff was entitled to benefits under the terms of his agreement with the defendants. The FEHBP merely sets forth the manner in which the OPM will grant private health plan providers a franchise to provide benefits to federal employees and the rules which the providers must follow in doing so. This case presents a question of contract interpretation that will be governed by Pennsylvania contract law and not by the provisions of the FEHBP.

Furthermore, there is no policy of health insurance between the plaintiff and the federal government. Nor does the government insure that the plaintiff will receive benefits from the various carriers. The government has merely granted the defendants the franchise to contract with federal employees for health insurance.

We also take note of Section 8912 in the FEHBP. That section provides that the "district courts of the United States have original jurisdiction, concurrent with the United States Claims Court, of a civil action or claim *against the United States* founded on this chapter." 5 U.S.C. § 8912. (emphasis added). The government is not a party to this action. If Congress had intended that district courts have jurisdiction over private actions by plan participants against plan providers, we believe it would have explicitly stated so.

Lastly, we note, respectfully, our disagreement with the decision of the Ninth Circuit Court of Appeals in *Hayes v. Prudential Insurance Co. of America,* 819 F.2d 921 (9th Cir.1987). There, a federal employee sued a FEHBP carrier for nursing care benefits. *Id.* at 923. The plaintiff

had only set forth various state law causes of action including breach of contract and breach of fiduciary duty. *Id.* at 926 n. 1. The district court granted summary judgment for the carrier on the grounds that the FEHBP preempts state law claims and the Ninth Circuit Court of Appeals agreed.

The court relied on Section 8902(m)(1) of the FEHBP which provides: "The provision of any contract under this chapter which relates to the nature or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any State or local law ... which relates to health insurance or plans to the extent that such law or regulation is inconsistent with such contractual provisions." 5 U.S.C. § 8902(m)(1). The Ninth Circuit court stated that since all of the plaintiff's state law claims refer to the plan they fall under the preemption clause. *Id.* at 926. The court concluded that "[b]ecause the state law claims invariably expand [the carrier's] obligations under the terms of the Plan, the claims are inconsistent with the Plan, and hence, preempted." *Id.*

We believe this reasoning to be flawed. The plaintiff's state law breach of contract claims are not contradictory to the provisions of the FEHBP. There are no provisions in the FEHBP which govern the interpretation of the rights of plan participants; their rights are set forth in their contract with the plan providers. Furthermore, a breach of contract claim does not "invariably expand the obligations of the carrier" under the plan. Faced with such a claim, the presiding court must interpret the plan documents to determine what the obligations of the provider are, not "expand" the provider's obligations. There are no "preempting" provisions in the FEHBP, and absent an explicit instruction, we do not believe Congress intended the federal courts to fashion a federal common law of contracts to govern private disputes between plan participants and providers.

For the foregoing reasons, we find that this action does not arise under federal law and therefore we do not have subject matter jurisdiction.

AND NOW, to wit, this 23rd day of February, 1988, it is hereby ORDERED, ADJUDGED, and DECREED that this action be REMANDED to the Court of Common Pleas of Allegheny County, Pennsylvania, for all further proceedings. The Clerk of Court for the Western District of Pennsylvania is hereby DIRECTED to return to the defendants the $250.00 bond posted by the defendants for costs incurred for improper removal.