Robert C. EMERSON and Ronald Emerson, Co–Executors of the Estate of Kenneth H. Emerson, Deceased, and as Individuals, Plaintiffs,

v.

ADULT COMMUNITY TOTAL SERVICES, INC., Total Care Services, Inc. and Genesis Health Ventures, Inc., Defendants.

Civ. A. No. 92–CV–6113.

United States District Court,
E.D. Pennsylvania.

March 24, 1994.

Benjamin Kuby, Wade F. Suthard, Klovsky, Kuby & Harris, Philadelphia, PA, for plaintiffs.

John M. DeFeo, Tutoki & Wiley, Philadelphia, PA, for defendants.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

Pursuant to Federal Rule of Civil Procedure 59, plaintiffs have filed a motion for reconsideration of this court's previous decision entered January 6, 1994, granting summary judgment on behalf of the defendants, 842 F.Supp. 152. Because plaintiffs have done nothing more than disagree with this court, and have failed to demonstrate an error of law, we must deny plaintiffs' motion for reconsideration.

On February 22, 1990, Kenneth Emerson, at the age of 83, entered into a resident agreement with defendant Adult Community Total Services (A.C.T.S.), whereby Mr. Em-

erson would reside in A.C.T.S.'s "independent living wing." The agreement established that Mr. Emerson would be provided with living accommodations, meals, and other services throughout his lifetime. After residing at Spring House Estates for approximately five and a half months, Mr. Emerson suffered a stroke while in his apartment. He was found by defendants' staff two days later and subsequently died approximately two weeks later while in the hospital. Plaintiffs sued claiming that defendants were liable in negligence under the wrongful death act and the survival act for failing to provide a monitoring system within Mr. Emerson's apartment. Plaintiffs also claimed that rescission of the contract was appropriate because of unconscionability and unjust enrichment. On January 6, 1994, we entered summary judgment in favor of the defendants and against plaintiffs on all counts of the complaint. It is this decision upon which the plaintiffs filed their motion for reconsideration.

■ "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir.1985), *cert. denied*, 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986) (citations omitted); *Reich v. Compton*, 834 F.Supp. 753, 755 (E.D.Pa.1993). Under Rule 59(e), a party must rely on one of three grounds: 1) the availability of new evidence not previously available, 2) an intervening change in controlling law, or 3) the need to correct a clear error of law or to prevent manifest injustice. *Reich*, 834 F.Supp. at 755.

■ Courts in this circuit recognize that "any litigant considering bringing a motion to reconsider based upon [the third ground] should evaluate whether what may seem to be clear error of law is in fact simply a disagreement between the Court and the litigant." *Reich*, 834 F.Supp. at 755. Parties are not free to relitigate issues that the Court has already decided, nor should parties make additional arguments which should have been made before judgment. *Id.; Rottmund v. Continental Assurance Co.*, 813 F.Supp. 1104, 1107 (E.D.Pa.1992).

Plaintiffs here offer no evidence not previously available, nor do they claim that there has been a change in controlling law. Rather, plaintiffs contend that there is a need to correct a clear error of law. Plaintiffs' contention is that the question of duty was for the jury to decide.

■ In considering a motion for summary judgment in a negligence case, the court must examine whether the non-movant has established the existence of each element of its case. *J.F. Feeser, Inc. v. Serv–A–Portion, Inc.*, 909 F.2d 1524, 1531 (3rd Cir. 1990), *cert. denied*, 499 U.S. 921, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)). A claim for negligence will not survive a motion for summary judgment if the law does not impose a duty on defendant(s). *Wright v. Federal Machine Co., Inc.*, 535 F.Supp. 645, 650 (E.D.Pa.1982); *Otto v. American Mutual Ins. Co.*, 241 Pa.Super. 423, 429, 361 A.2d 815 (1976). The duty issue is a question of law to be decided by the court. *Burton v. Terry*, 140 Pa.Cmwlth. 336, 592 A.2d 1380 (1991).

■ In granting defendants' motion for summary judgment, this court properly decided that, as a matter of law, the defendants owed no duty to provide Mr. Emerson with "round the clock," "overnight," or any other form of monitoring system within Mr. Emerson's "independent living wing" apartment. Plaintiffs have not demonstrated an error in our previous decision. Thus, plaintiffs' motion for reconsideration is denied.