**NEW CHEMIC (U.S.), INC., Plaintiff,**

**v.**

**FINE GRINDING CORPORATION, Defendant.**

**Civil Action No. 96–3605.**

United States District Court, E.D. Pennsylvania.

Sept. 13, 1996.

Earl M. Forte, III, Ann B. Laupheimer, Blank, Rome, Comisky and McCauley, Philadelphia, PA, for New Chemic (U.S.), Inc.

Michelle D. Carter, Jerrold P. Anders, White and Williams, Philadelphia, PA, Howard J. Kaufman, Edmund B. Luce, Kaufman, Coren, Ress, Weidman & Silverang, P.C., Philadelphia, PA, for Fine Grinding Corp.

## MEMORANDUM

ROBERT F. KELLY, District Judge.

Before this Court is the Motion of New Chemic, Inc. ("New Chemic"), for Reconsideration of this Court's Order of August 21, 1996, granting Defendant's Motion for Partial Judgment on the Pleadings and, thus, dismissing with prejudice the negligence claim set forth in Count II of Plaintiff's Complaint. Because New Chemic believes that this Court's Order was erroneous, it now moves for reconsideration under Local Rule of Civil Procedure 7.1(g). Alternatively, New Chemic requests that it be granted leave to amend its Complaint to address any deficiencies regarding the negligence count. For the following reasons, Plaintiff's motion is denied.

### BACKGROUND

Plaintiff New Chemic, Inc., filed its Complaint on May 9, 1996. The Complaint alleges that in May or June of 1995, the parties entered into a contract whereby Fine Grinding Corporation ("Fine Grinding") was to perform micronization[1] to pharmaceuticals owned by New Chemic. Plaintiff further alleges that while the pharmaceuticals were undergoing the micronization process by Fine Grinding, the pharmaceuticals became contaminated.[2] Thus, Plaintiff has sued for loss of use and/or the ability to sell the pharmaceuticals.

The Complaint contains two counts: breach of contract (Count I) and negligence (Count II). Because Plaintiff alleged only economic damages, Defendant filed a Motion for Partial Judgment on the Pleadings pursuant to the economic loss doctrine. Upon consideration of Defendant's motion, and Plaintiff's response thereto, this Court dismissed Plaintiff's negligence claim with prejudice. Plaintiff now moves this Court for reconsideration of the August 21, 1996 Order, granting Defendant's motion.

### STANDARD

"The United States Court of Appeals for the Third Circuit has held that '[t]he purpose of a motion of reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Cohen v. Austin,* 869 F.Supp. 320, 321 (E.D.Pa.1994) (citing *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985), *cert. denied,* 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986)). Accordingly, a district court will grant a party's motion for reconsideration in any of three situations: (1) the availability of new evidence not previously available, (2) an in-

---

1. " 'Micronization' is the process by which pharmaceuticals are processed from a course substance into a fine talcum-like powder." (Plaintiff's Memorandum at 2) (citing Complaint at ¶¶ 7, 9). Micronization is regulated by the United States Food & Drug Administration ("FDA") pursuant to the Food, Drug & Cosmetic Act, 21 U.S.C. §§ 331 and 334. *Id.* (citing Complaint at ¶¶ 9–10).

2. The Complaint alleges that New Chemic learned from the FDA that Fine Grinding had failed to follow industry-wide regulatory standards for micronization by, *inter alia,* using an inappropriate filter on its compressor, as well as using non-food grade oil in its processing equipment, resulting in the contamination of Plaintiff's pharmaceuticals. (Complaint, ¶¶ 11–16).

tervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice. *Reich v. Compton*, 834 F.Supp. 753, 755 (E.D.Pa.1993) (citing *Dodge v. Susquehanna Univ.*, 796 F.Supp. 829, 830 (M.D.Pa.1992)). Here, the basis for the motion for reconsideration is Plaintiff's contention that this Court's prior ruling was erroneous.

## DISCUSSION

 The economic loss doctrine bars a plaintiff from recovering purely economic losses suffered as a result of a defendant's negligent or otherwise tortious conduct absent any physical injury or property damage. *See REM Coal Co. v. Clark Equipment Co.*, 386 Pa.Super. 401, 563 A.2d 128, 134 (1989) ("[N]egligence and strict liability theories do not apply in an action between commercial enterprises involving a product that malfunctions where the only resulting damage is to the product itself."); *see also Moore v. Pavex, Inc.*, 356 Pa.Super. 50, 514 A.2d 137, 138 (1986) ("[T]here could be no recovery for economic loss by the plaintiffs who did not suffer physical harm to property in which they had a proprietary interest."). While Plaintiff does not dispute that the economic loss doctrine has been applied in cases involving contracts other than for the sale of goods, Plaintiff submits that "[t]here is a substantial body of Pennsylvania case law in which negligence claims have been permitted to go forward in contract actions because the complaint alleged misfeasance rather than nonfeasance of the contract." (Plaintiff's Memorandum at 6). However, as set forth below, the case law cited by Plaintiff is no longer followed by Pennsylvania courts.[3]

In its Memorandum of Law in Support of its Motion for Reconsideration, Plaintiff relies on a line of reasoning coming from the Pennsylvania Superior court's opinion in *Raab v. Keystone Ins. Co.*, 271 Pa.Super. 185, 412 A.2d 638 (1979), "which involved a claim that the insurance company negligently failed to pay benefits under a no-fault automobile insurance policy and that an agent of the company maliciously interfered with the contractual relationship between the policyholder and the carrier." *Valhal Corp. v. Sullivan Assocs., Inc.*, 44 F.3d 195, 208 (3d Cir.1995). The *Raab* court wrote:

> Generally, when the breach of a contractual relationship is expressed in terms of tortious conduct, the cause of action is properly brought in assumpsit and not in trespass. However, there are circumstances out of which a breach of contract may give rise to an actionable tort. The test used to determine if there exists a cause of action in tort growing out of a breach of contract is whether there was an improper performance of a contractual obligation (misfeasance) rather than a mere failure to perform (nonfeasance).

*Raab*, 412 A.2d at 639. Thus, "[u]nder the *Raab* line of reasoning, if there has been a complete failure to perform a contract, the action lies in assumpsit, while if there has been an improper performance, the action lies in tort." *Valhal*, 44 F.3d at 208.

However, the Pennsylvania Superior Court recently determined that "the simple rule expressed in *Raab* is inadequate to determine the true character of a claim." *Phico Ins. Co. v. Presbyterian Medical Servs. Corp.*, 444 Pa.Super. 221, 663 A.2d 753, 757 (1995). Recognizing that *Raab* possessed no

**3.** Plaintiff cites *Fink v. Delaware Valley HMO*, 417 Pa.Super. 287, 612 A.2d 485 (1992), to support its contention that both a breach of contract and negligence claim can be maintained where improper performance of a contractual obligation (misfeasance) is alleged. However, unlike the case at hand, the breach of contract claim in *Fink* sought recovery for bodily harm in addition to the cost of a surgical procedure, wage loss, and other items that resulted from the defendant's failure to pay for the procedure. In the negligence count, the plaintiff sought damages for pain and suffering, mental anguish and other

injuries arising from the negligent withholding of needed medical services and the negligent infliction of mental distress. The *Fink* court "examined the various allegations of negligence and noted that the plaintiff sought different measures of damages in the breach of contract and negligence counts. Thus, rather than engaging in a pure misfeasance/nonfeasance analysis, [the court] examined the gist of the complaint." *Phico Ins. Co. v. Presbyterian Medical Servs. Corp.*, 444 Pa.Super. 221, 663 A.2d 753, 757 n. 1 (1995).

**20**

precedential authority[4], nor any vitality, the *Phico* court turned to a second line of cases that "more appropriately addresses the characterization issue." *Id.* 663 A.2d at 757. "Under the second line, the misfeasance/nonfeasance distinction is not pursued." *Valhal,* 44 F.3d at 208. Instead, "to be construed as a tort action, the wrong ascribed to the defendant must be the gist of the action with the contract being collateral." *Phico,* 663 A.2d at 757 (citing *Bash v. Bell Telephone Co.,* 411 Pa.Super. 347, 601 A.2d 825 (1992)).

In the instant action, the Complaint alleges that Fine Grinding failed to comply with FDA standards for micronization when it processed New Chemic's pharmaceuticals and, thus, contaminated Plaintiff's pharmaceuticals, rendering them unfit for human consumption. As a result, Plaintiff claims complete loss of use and/or the ability to sell the subject pharmaceuticals, a purely economic loss. Here, the parties' agreement, that Fine Grinding would perform micronization to New Chemic's pharmaceuticals in full compliance with all FDA requirements, provides the foundation for Plaintiff's Complaint.[5] Although Plaintiff contends that its negligence claim can continue based on Defendant's misfeasance or improper performance of a service contract, Pennsylvania no longer recognizes such a basis for distinguishing a tort claim from a contract dispute. Thus, under *Phico,* this breach of contract claim "may not be converted into a tort action simply by alleging that the conduct in question was done wantonly." *Id.*

Based on the above, Plaintiff's Motion for Reconsideration is denied, as is Plaintiff's alternative request to amend the Complaint. An appropriate order will be entered.

---

**4.** *"Raab* technically possessed no precedential authority since it represented the viewpoint of only one member of a three-judge panel." *Phico,* 663 A.2d at 757.

**5.** Plaintiff's motion appears to be based on a disagreement as to what the "gist" of this case is. Plaintiff contends that the heart of this case is Fine Grinding's negligent destruction of New Chemic's pharmaceuticals, by ignoring well-known FDA requirements during the micronization process. However, case law in this Circuit has instructed that "any litigant considering

*ORDER*

AND NOW, this 13th day of September, 1996, upon consideration of Plaintiff's Motion for Reconsideration of this Court's August 21, 1996 Order, granting Defendant's Motion for Partial Summary Judgment on the Pleadings with respect to Plaintiff's negligence claim, as set forth in Count II of Plaintiff's Complaint, and all responses thereto, it is hereby ORDERED that Plaintiff's motion is DENIED.

bringing a motion to reconsider based upon [the need to correct a clear error of law or to prevent manifest injustice] should evaluate whether what may seem to be clear error of law is in fact simply a disagreement between the Court and the litigant." *Reich v. Compton,* 834 F.Supp. 753, 755 (E.D.Pa.1993). Thus, because Plaintiff has done nothing more than disagree with this Court, and has failed to demonstrate an error of law, its motion for reconsideration must be denied. *See Emerson v. Adult Community Total Servs., Inc.,* 848 F.Supp. 44 (E.D.Pa.1994).