688 A.2d 209

Milton GARCIA

v.

PENNSYLVANIA FINANCIAL RESPONSIBILITY ASSIGNED CLAIMS PLAN, Constitution State Service Company Pennsylvania Insurance Guaranty Association, Yellow Cab Co./Metro Transportation and Andrew R. Jones and Beverly Jones.

Appeal of PENNSYLVANIA INSURANCE GUARANTY ASSOCIATION.

Superior Court of Pennsylvania.

Argued Oct. 1, 1996.

Filed Jan. 21, 1997.

William G. Cilingin, Philadelphia, for appellant.

Stephen M. Older, Philadelphia, for Garcia, appellee.

Before McEWEN, President Judge, and EAKIN and HOFFMAN, JJ.

McEWEN, President Judge.

This interlocutory appeal by permission has been taken from the order entered on October 25, 1995, which denied the motion for summary judgment filed by appellant, Pennsylvania Insurance Guaranty Association. While the distinguished Judge Joseph D. O'Keefe has undertaken a sound and persuasive expression of rationale, we are constrained to vacate the order which denied the motion for summary judgment and remand.

Appellee, Milton Garcia, instituted this action by the filing of a complaint, seeking compensation for injuries sustained in an automobile accident which occurred on March 15, 1991, when a vehicle owned and operated by Andrew Jones struck the rear of the Yellow Cab which appellee was operating, a vehicle owned by Metro Transportation Company, Inc., and insured by National Auto Mutual Insurance Risk Retention Group (hereinafter "National Auto"), a risk retention insurance company organized pursuant to the Product Liability Risk Retention Act of 1981, 15 U.S.C. §§ 3901 *et seq.*

Appellee claimed that the Pennsylvania Insurance Guaranty Association was legally obligated to provide compensation for those claims which National Auto, a New Mexico domiciled property and casualty insurer operating as a risk retention group, would have otherwise paid had it not been declared insolvent shortly after the accident at issue. Appellant sought summary judgment after the pleadings were closed on the grounds that Section 3902(a)(2) of the Product Liability Risk Retention Act of 1981, 15 U.S.C. § 3902(a)(2), precludes a state from requiring or permitting a risk retention group, such as National Auto, from participating in any state insurance guaranty fund or plan. The trial court denied the motion for summary judgment by order dated October 25, 1995, and appellant, on November 24, 1995, filed an application to amend

the order of October 25, 1995, to include the language found in Section 702(b) of the Judicial Code, namely, that the order involved a controlling issue of law as to which there was substantial ground for difference of opinion and that an immediate appeal might materially advance the ultimate termination of the matter. When the request for amendment was denied by the trial court by order dated December 29, 1995, appellant filed a petition for review in this Court alleging that the trial court had abused its discretion in refusing to certify the order and seeking allowance of appeal. The Superior Court, by order dated March 19, 1996, granted the petition for review and this interlocutory appeal by permission timely followed.

Appellant persuasively argues that the order which denied its motion for summary judgment must be reversed, as the applicable provisions of the Product Liability Risk Retention Act of 1981, 15 U.S.C. §§ 3901 *et seq.*, preclude any recovery by appellee against the Pennsylvania Insurance Guaranty Association as a result of the insolvency of National Auto. Appellee contends that the conduct of the Pennsylvania legislature, in subsequently enacting amendments to the Pennsylvania Insurance Guaranty Association Act not applicable to the instant controversy, which for the first time specifically excluded risk retention groups from participating in the guaranty fund, evidences their belief that risk retention groups could participate in the guaranty fund prior to the amendments. Appellant responds that we need not resolve the issue of whether the prior version of the Pennsylvania Insurance Guaranty Association Act permitted risk retention groups to participate in the fund since the result urged by appellee is precluded by operation of federal law, regardless of the effect or intent of the provisions of the Pennsylvania statute prior to the amendments of December 18, 1992. We are constrained to agree.

An appellate court, in reviewing a motion for summary judgment, must view the record in the same light as the trial court, resolving all doubts against the moving party. *Chrysler Credit Corp. v. Smith,* 434 Pa.Super. 429, 433–35, 643 A.2d

1098, 1100 (1994), *allo. denied,* 539 Pa. 664, 652 A.2d 834 (1994). Only where the interrogatories, affidavits and depositions of record disclose that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law will an order granting summary judgment be affirmed. Summary judgment should be granted "only in cases where the right is clear and free of doubt." *Chrysler Credit Corp. v. Smith, supra* at 434, 643 A.2d at 1100, *quoting Musser v. Vilsmeier Auction Co., Inc.,* 522 Pa. 367, 370, 562 A.2d 279, 280 (1989).

Our standard of review in deciding issues of preemption is well settled:

> In determining whether a certain state action is preempted by federal law, one must look to the congressional intent underlying the federal law. *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 208, 105 S.Ct. 1904, 1910, 85 L.Ed.2d 206 (1985) (citations omitted); *Silkwood v. Kerr–McGee Corp.,* 464 U.S. 238, 248, 104 S.Ct. 615, 621, 78 L.Ed.2d 443 (1984). When Congress does not state explicitly the extent to which it intends to preempt state law, "courts sustain a local regulation 'unless it conflicts with federal law or would frustrate the federal scheme, or unless the courts discern from the totality of the circumstances that Congress sought to occupy the field to the exclusion of the States.'" *Allis–Chalmers Corp., supra* (quoting *Malone v. White Motor Corp.,* 435 U.S. 497, 504, 98 S.Ct. 1185, 1190, 55 L.Ed.2d 443 (1978)).

*Fink v. Delaware Valley HMO,* 417 Pa.Super. 287, 297–98, 612 A.2d 485, 490–91 (1992).

Appellant claims that Section 3902 of the Federal Liability Risk Retention Act preempts any state law which would otherwise require the Fund to compensate appellee for injuries he sustained in the automobile accident of March 15, 1991. Section 3902 provides, in pertinent part:

§ 3902. **Risk retention groups**

(a) Except as provided in this section, a risk retention group is exempt from any State law, rule, regulation, or

order to the extent that such law, rule, regulation, or order would—

*     *     *     *     *     *

(2) require or **permit** a risk retention group to participate in any insurance insolvency guaranty association to which an insurer licensed in the State is required to belong.

15 U.S.C. § 3902(a)(2)(emphasis supplied).

It is not purposeful to here address the inexorable federal usurpation of state prerogatives. Thus resigned, we find that the intent of Congress to prevent risk retention groups from participating in state insurance guaranty pools is clearly expressed in the language of the statute and thus precludes the result urged by appellee. We must, therefore, vacate the order which denied the motion for summary judgment filed by appellant and remand for entry of judgment in favor of appellant.

Order vacated. Case remanded. Jurisdiction relinquished.