Jerry FRANCESCO, Assignee
of PenTech Infusions,
Inc, Appellant

v.

GROUP HEALTH INCORPORATED,
a/k/a and/or d/b/a GHI, Appellee.

Superior Court of Pennsylvania.

Argued June 24, 2008.
Filed Dec. 18, 2008.
Reargument Denied Feb. 26, 2009.

Alan S. Gold, Jenkintown, for appellant.

Anthony Creato, West Conshohocken, for appellee.

BEFORE: LALLY–GREEN, KLEIN, and GANTMAN, JJ.

OPINION BY LALLY–GREEN, J.:

¶ 1 Appellant, Jerry Francesco, as assignee of PenTech Infusions, Inc. ("PenTech"), appeals from the trial court's December 12, 2007 order sustaining the preliminary objections of Appellee, Group Health Incorporated (GHI) and dismissing Appellant's complaint. We vacate and remand.

¶ 2 This dispute arises from an alleged agreement between GHI, a health care insurer, and PenTech, a provider of health care supplies. PenTech contacted GHI to ascertain whether a policy between GHI and its insured, Mary Horan, would cover certain medical supplies. GHI allegedly represented to PenTech that the policy would cover the supplies. PenTech provided the supplies to Horan and sought payment from GHI. GHI then denied coverage under the policy. PenTech and Horan both assigned any and all rights against GHI stemming from this incident to Appellant.

¶ 3 Appellant commenced this action against GHI on August 11, 2006, in his capacity as PenTech's assignee, alleging causes of action for promissory estoppel and breach of contract, and seeking payment for the items PenTech supplied to Horan. The basis for these claims is the alleged assurances from GHI that GHI would reimburse PenTech for the supplies. GHI filed a motion to dismiss on September 20, 2006, but the motion did not contain a notice to plead in accordance with Pa.R.C.P. 1026(a). GHI subsequently filed preliminary objections with the requisite notice to plead on October 12, 2006. Appellant timely filed an amended complaint on October 25, 2006, asserting additional causes of action for quantum meruit, negligent misrepresentation, and conversion.[1]

¶ 4 On November 22, 2006, the trial court entered an order sustaining GHI's preliminary objections without mention of Appellant's amended complaint. This order was of no effect, given that Appellant's amended complaint superseded the preliminary objections. See Pa.R.C.P. 1028(f).[2] When GHI failed to respond to the amend-

---

1. Rule 1026(a) makes clear that a party need not respond to a pleading that does not contain a notice to plead. GHI's argument that Appellant was required to file its amended complaint within 20 days of September 20, 2006 is devoid of merit.

2. For this reason, we reject GHI's argument that this appeal should be dismissed because Appellant failed to file a timely notice of appeal from the November 22, 2006 order. We further reject GHI's argument that the November 22, 2006 order is a proper basis for application of *res judicata* and/or collateral estoppel.

ed complaint, Appellant attempted to take a default judgment. By agreement, GHI filed preliminary objections to the amended complaint on October 1, 2007. Appellant filed preliminary objections to GHI's preliminary objections, and on December 12, 2007, the trial court entered an order overruling Appellant's preliminary objections, sustaining GHI's preliminary objections, and dismissing Appellant's complaint. That order is the subject of this timely appeal.

¶ 5 Appellant raises three issues for our review:

1. Did the lower court err in dismissing for lack of subject matter jurisdiction plaintiff's causes of action which were not predicated on an assignment of rights from the insured but constituted direct causes of action against the insurer which do not implicate the Federal Employees Health Benefit Act?

2. Did the lower court err in dismissing the amended complaint based on a prior order sustaining preliminary objections to the original amended complaint when, at the time the order was entered, the preliminary objections had become moot through plaintiff's filing of an amended complaint?

3. Did the lower court err in failing to consider plaintiff's response to preliminary objections to the amended complaint which raised factual issues which could not be resolved without discovery?

Appellant's Brief at 5.[3]

¶ 6 Since the trial court dismissed this claim on preliminary objections, our standard of review is *de novo* and the scope of our review is plenary. *Luke v. Cataldi*, 593 Pa. 461, 932 A.2d 45, 49 (2007). Further:

The material facts set forth in the complaint as well as all inferences reasonably deducible therefrom must be admitted as true. The court must determine from the facts averred, whether the law says with certainty that no recovery is possible. If doubt exists whether a demurrer should be sustained, it should be resolved in favor of overruling the demurrer.

*Aventis Pasteur, Inc. v. Alden Surgical Co.*, 848 A.2d 996, 998 (Pa.Super.2004), *appeal denied*, 580 Pa. 703, 860 A.2d 488 (2004).

¶ 7 We will briefly address Appellant's second argument, which is largely disposed of in our recitation of the procedural history. Appellant argues that the trial court erred because its December 12, 2007 order dismissed Appellant's complaint based on a reaffirmation of the November 22, 2006 order.

¶ 8 The December 12, 2007 order did two things. First, the trial court stated its belief that the November 22 order was a final order that Appellant failed to appeal. As we noted, the November 22 order was of no effect, inasmuch as Appellant filed the amended complaint prior to the trial court's order. Thus, the trial court was incorrect in its belief that the November 22 order was dispositive. Second, the December 12 order expressly sustained GHI's then-pending preliminary objections to the amended complaint. We wish to make clear at the outset that we are reviewing the trial court's ruling on GHI's preliminary objections to Appellant's amended complaint. Appellant's second argument has merit, but does not entitle him to relief.

¶ 9 We now address Appellant's first argument. The record reflects that Horan's insurance policy with GHI was governed by the Federal Employees

3. The trial court did not enter an order pursuant to Pa.R.A.P. 1925.

Health Benefit Act ("FEHBA"), 5 U.S.C.A. §§ 8901–8914. FEHBA governs health insurance coverage of federal employees and their families who obtain health coverage as a benefit of federal employment. FEHBA sets forth various administrative procedures that an insured must exhaust before filing suit against an insurer. In the instant matter, the trial court concluded that it lacked subject matter jurisdiction over Appellant's suit against GHI because Appellant failed to exhaust administrative remedies pursuant to FEHBA.[4] Appellant argues that FEHBA does not govern the alleged agreement between GHI and PenTech.

¶ 10 This Court has addressed FEHBA only once. In *Fink v. Delaware Valley HMO*, 417 Pa.Super. 287, 612 A.2d 485 (1992), we concluded that FEHBA barred a state tort suit by a federal employee against her insurer. *Fink* is inapposite because the instant matter does not involve a coverage dispute between insurer and insured. Thus, no binding Pennsylvania authority governs this appeal. Several federal courts have addressed cases factually similar to the instant matter, and we review the federal jurisprudence accordingly.

¶ 11 In *Cedars–Sinai Med. Ctr. v. Nat'l League of Postmasters of the United States*, 497 F.3d 972 (9th Cir.2007), a hospital alleged that an insurer failed to provide reimbursement pursuant to a contract between the hospital and insurer. The District Court dismissed the case, ruling that FEHBA preempted the hospital's breach of contract claims. The Ninth Circuit disagreed, and explained FEHBA's scope as follows:

By its terms, FEHBA's administrative dispute mechanism applies to disputes between "covered individuals" and carriers over "claims filed under the plan." 5 C.F.R. § 890.105(a)(1). A "covered individual" is defined as "an enrollee or a covered family member." *Id.* § 890.101(a). A "claim" is defined as a request for "payment of a health-related bill" or "provision of a health-related service or supply." *Id.* All claims must be submitted first to the carrier. *See id.* § 890.105(a)(1). If the carrier denies the claim in whole or in part, the covered individual may ask the carrier for reconsideration. *See id.* §§ 890.105(a)(1), 890.105(b). If the carrier affirms its denial of the claim, the covered individual may ask OPM[5] to review the claim. *See id.* §§ 890.105(a)(1), 890.105(e). FEHBA's implementing regulations impose an express exhaustion requirement, pursuant to which the covered individual "must exhaust both the carrier and OPM review processes ... before seeking judicial review of the denied claim." *Id.* §§ 890.105(a)(1), 890.107(d)(1).

**This preemption mechanism was not designed for, nor available to resolve, contractual disputes between carriers and health care providers.** By the express terms of FEHBA's implementing regulations, the administrative process is confined to requests for

---

4. The parties and the trial court treat GHI's preliminary objection as a challenge to the trial court's subject matter jurisdiction, pursuant to Pa.R.C.P. 1028(a)(1). Since GHI alleges failure to exhaust a statutory remedy, we believe that rule 1028(a)(7) is the applicable subsection. In either case, GHI's argument amounts to a challenge of the power of the court to address Appellant's causes of action.

See *Lashe v. Northern York County School Dist.*, 52 Pa.Cmwlth. 541, 417 A.2d 260 (1980), citing *West Homestead Borough School Dist. v. Allegheny County Bd. of School Directors*, 440 Pa. 113, 269 A.2d 904 (1970).

5. The federal Office of Personnel Management.

"payment of a health-related bill" or "provision of a health-related service or supply" that are "filed under the plan." *Id.* §§ 890.101(a), 890.105(a)(1). A provider's contractual claim against a carrier does not constitute a request for "payment of a health-related bill" within the meaning of this provision. And even if it did, it would not be a claim "under the plan," because it is predicated not on the plan but on the contract between the carrier and the medical services provider.

*Id.* at 976 (emphasis added).

¶ 12 In *Orthopedic Specialists v. Horizon Blue Cross/Blue Shield,* 518 F.Supp.2d 128 (D.N.J.2007), the District Court of New Jersey reached a similar conclusion in declining removal jurisdiction over a dispute between a provider and insurer. In that case, the provider alleged that it would not have performed surgery on the insured but for representations from the insurer that the procedure was covered. The district court concluded that there was no basis for removal from state to federal court since the provider's suit rested on a legal duty independent of the FEHBA-governed health care plan.

¶ 13 Federal courts have reached similar conclusions in cases where ERISA governs the applicable insurance. *See, e.g., Hoag Mem'l Hosp. v. Managed Care Adm'rs,* 820 F.Supp. 1232 (C.D.Ca.1993). The *Hoag* Court expressed the following rationale:

> Hospitals routinely contact plan administrators before admitting a patient in order to verify coverage. Due to hospitals' limited funds for indigent care, if a hospital is told that no coverage exists, the hospital either must obtain funds from another source or transfer the patient to another facility. Thus, if a plan administrator or insurance company unqualifiedly verifies coverage to a health care provider, it should realize that either it is consenting to the payment of plan benefits or it should "accept [the] consequences for a false representation of coverage that the provider reasonably relied upon."

*Id.* at 1236, *quoting Memorial Hosp. Sys. v. Northbrook Life Ins. Co.,* 904 F.2d 236, 246 (5th Cir.1990).

¶ 14 Instantly, Appellant's amended complaint alleges that Appellant, as assignee of PenTech, received assurances from GHI that products to be supplied to Horan were covered under Horan's policy with GHI. These facts bring this case squarely within the rationale of *Cedars–Sinai* and other cases cited therein, which we find persuasive. Since Appellant's amended complaint alleges breach of a legal duty independent of GHI's coverage obligations to Horan, we conclude that FEHBA does not deprive the trial court of the power to decide the matter in controversy. Appellant's first argument is meritorious.

¶ 15 Appellant's third argument is that his preliminary objections to GHI's preliminary objections make clear that the instant matter presents factual disputes that must be resolved through discovery. In light of our disposition of this appeal, we need not address Appellant's third argument.

¶ 16 Finally, we address personal jurisdiction, which GHI offers as an alternative basis for affirming the trial court's order.[6] GHI alleges that, since it is a New York corporation operating in New York,

---

**6.** GHI included this issue in its preliminary objections to the amended complaint, in compliance with Pa.R.C.P. 1028(a)(1).

and since Horan is a New York resident, the trial court lacked personal jurisdiction over GHI. One basis for Appellant's complaint, however, is GHI's alleged negligent representations to PenTech, a Pennsylvania corporation doing business in Delaware County, Pennsylvania. Pennsylvania's long-arm statute encompasses, among other things, causing harm within Pennsylvania by a tortious act. 42 Pa.C.S.A. § 5322(a)(4); *Kubik v. Letteri*, 532 Pa. 10, 614 A.2d 1110 (1992). Moreover, the complaint alleges that GHI regularly conducted business in Pennsylvania, including by contracting to provide insurance for Pennsylvania residents. Section 5322(6) of the long-arm statute encompasses such conduct. GHI vigorously disputes these facts, but resolution of this dispute will require further proceedings at the trial court level. *See* 1028(c)(2) (where the preliminary objections raise an issue of fact, the trial court must "consider evidence by depositions or otherwise."). Accordingly, we conclude that lack of personal jurisdiction over GHI is not a basis upon which we may affirm the trial court's order sustaining GHI's preliminary objections.

¶ 17 Since we have concluded that the trial court erred in sustaining GHI's preliminary objections to Appellant's amended complaint, we vacate the order and remand for further proceedings.

¶ 18 Order vacated. Case remanded. Jurisdiction relinquished.