J-A18044-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| KAREN PIHAKIS, ALEX PIHAKIS, AND MIKELLYNN TSANGARIS, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| JULIE KREEFER | : | No. 308 WDA 2019 |

Appeal from the Order Entered February 6, 2019
in the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD-18-013542

BEFORE: BOWES, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: FILED OCTOBER 15, 2019

Karen Pihakis ("Karen"), Alex Pihakis ("Alex"), and Mikellynn Tsangaris ("Mikellynn") (collectively, "Plaintiffs") appeal from the Order sustaining the Preliminary Objections filed by Julie Kreefer ("Kreefer"), and dismissing, with prejudice, Plaintiffs' Complaint. We reverse the trial court's Order, and remand for further proceedings.

Dave Celio ("Decedent") died testate on December 11, 2017. Decedent was survived by Kreefer, his daughter. Decedent was also survived by his fiancée, Karen, and her children, Alex and Mikellynn.

On October 22, 2018, Plaintiffs filed a Complaint, alleging, in relevant part, the following:

> 4. At the time of his death, Decedent was the owner [of] and insured under a certain life insurance policy issued by Jackson National Life Insurance Company. The Decedent's life was insured thereunder for the face amount of $500,000.00, and [Kreefer]

was the named sole beneficiary of the proceeds of this policy at the time of Decedent's death.

5. Decedent drafted and[,] on October 16, 2017, dated and signed a certain document (the "Document"), a copy of which is attached hereto as Exhibit A (except for the certification by the notary public, which was added by the notary public after Decedent's death), wherein he expressed his desires as to whom he wished to receive the proceeds of the aforesaid Jackson National Life Insurance Company policy ("the Jackson life insurance policy"), a certain Annuity Contract issued by Athene (the "annuity")[,] and a certain Accidental Death Insurance Policy issued by AAA ("accidental death policy").

6. During a meeting, which was held in late October[] 2017 (at a time when Decedent was afflicted with terminal cancer) at the Decedent's residence[,] and which was attended by the Decedent, [Kreefer], [Kreefer's] husband, [] Karen and [] Alex[,] Decedent distributed one (1) copy of the Document to [] Karen and [] Alex[,] and one (1) copy of the Document to [Kreefer].

7. At the time that [Decedent] distributed the Document to the said attendees, he advised them that he had drafted the Document and confirmed that the Document set forth the amounts of money which he wanted each of the persons named therein to receive from the Jackson life insurance policy, the annuity, and the accidental death policy.

8. Decedent then asked [Kreefer] if she [] agreed to make certain that his wishes would be carried out[,] and that each of the persons named in the Document would receive the respective amounts of money specified therein at the time of his death.

9. [Kreefer] promised and agreed with the Decedent and promised [] Karen and [] Alex that she [] would comply with the Decedent's wishes, as expressed in the Document, and would make certain that each of the persons named in the Document would receive the respective amounts of money specified therein at the time of Decedent's death in connection with the assets specified therein.

10. Specifically[,] with regard to the $500,000.00 payable at his death under the Jackson life insurance policy, Decedent indicated in the Document that he wanted:

- 2 -

A. His grandsons, Sean Kreefer and Scott Kreffer [sic] to each receive the sum of $25,000.00,

B. [Kreefer] to receive the sum of $50,000.00,

C. [] Karen to receive the sum of $380,000.00, and

D. [] Karen's children, namely [] Alex and [] Mikellynn[,] to each receive the sum of $10,000.00.

11. At the time that [Kreefer] made the aforesaid promise to the Decedent and [] Karen and [] Alex[,] with regard to the Decedent's requested distribution of the Jackson life insurance policy proceeds, the Decedent, [Kreefer], and [] Karen and [] Alex knew that [Kreefer] was then the sole named beneficiary of said proceeds on the Beneficiary Designation form that the Decedent had filed previously with the Jackson National Life Insurance Company.

....

14. The Decedent never [changed the beneficiary designation to reflect his desires, as stated in the Document,] and [] Karen and [] Alex never did anything to encourage Decedent to do so prior to Decedent's death[,] because they each relied upon [Kreefer's] promise and agreement that she would distribute the proceeds payable under the Jackson life insurance policy in accordance with Decedent's desires[,] as reflected in the Document.

....

16. Since no change was made on the beneficiary designation on file with the Jackson National Life Insurance Company prior to the Decedent's death, said company paid the $500,000.00 in life insurance proceeds solely to [Kreefer].

17. After Decedent's death, [Kreefer] broke and repudiated the promise which she had made to the Decedent, [] Karen and [] Alex[,] and breached the agreement that she had made with Decedent[,] by refusing to distribute the insurance proceeds in accordance with the Document[,] and in spite of Plaintiffs' request that she do so.

Complaint, 10/22/18, at ¶¶ 4-17; see also id., Exhibit A (Document). Plaintiffs asserted claims of promissory estoppel, breach of contract, waiver of the right to receive the insurance proceeds, fraud, and constructive trust.

Kreefer filed Preliminary Objections, and a brief in support thereof, on November 13, 2018, alleging that Plaintiffs had failed to state any claim upon which relief could be granted.[1] In her Preliminary Objections, Kreefer specifically denied making the alleged promise, and further asserted the following: (1) a beneficiary designation may only be amended through the procedures described in the policy; (2) Plaintiffs' claim as to the existence of an oral contract is barred by the Statute of Frauds, and any testimony concerning the oral exchange between Decedent and Kreefer would be prohibited by the Dead Man's Act;[2] (3) even if Kreefer had made the alleged promise, it would be unreasonable for Plaintiffs to rely on such a promise; (4) such an alleged contract would be unsupported by consideration, as it would result in a $450,000.00 reduction in benefit to Kreefer; (5) a waiver of the right to receive insurance proceeds is not a cognizable cause of action; and (6) Plaintiffs did not allege the existence of a confidential relationship in support of their claim for constructive trust. Further, Kreefer asserted that

_____

[1] The Preliminary Objections were not entered on the docket until December 4, 2018.

[2] See 42 Pa.C.S.A. § 5930.

- 4 -

Plaintiffs' Complaint should be dismissed, due to the pendency of a prior action in Orphans' Court.[3] On December 3, 2018, Plaintiffs filed a Response, and a brief in opposition to Kreefer's Preliminary Objections. Following a hearing, the trial court entered an Order sustaining Kreefer's Preliminary Objections, and, determining that the defects could not be cured by amendment, dismissing Plaintiffs' Complaint, with prejudice.

Plaintiffs filed a timely Notice of Appeal, and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal. The trial court thereafter filed an Opinion pursuant to Pa.R.A.P. 1925(a).

Plaintiffs raise the following issues for our review:

1. Whether the lower [c]ourt erred in sustaining [Kreefer's] Preliminary Objections and dismissing Count I of [Plaintiffs'] Complaint for failure to state a claim for promissory estoppel[?]

2. Whether the lower [c]ourt erred in sustaining [Kreefer's] Preliminary Objection and dismissing Count II of [Plaintiffs'] Complaint for failure to state a claim for breach of contract[?]

3. Whether the lower [c]ourt erred in sustaining [Kreefer's] Preliminary Objection and dismissing Count IV of [Plaintiffs'] Complaint for failure to state a claim for fraud[?]

4. Whether the lower [c]ourt erred in sustaining [Kreefer's] Preliminary Objection and dismissing Count V of [Plaintiff's] Complaint for failure to state a claim based upon which the lower [c]ourt could properly impose a constructive trust upon said life insurance proceeds paid to [Kreefer?]

_____

[3] The above-mentioned Orphans' Court case concerns Karen's attempt to submit another handwritten note as a codicil to Decedent's Last Will and Testament.

5. Whether the lower [c]ourt erred in failing to find that [Plaintiffs] stated a claim against [Kreefer] in their Complaint, based upon [Kreefer's] waiver, as more fully set forth in Count III of [Plaintiffs'] Complaint[?]

Plaintiffs' Brief at 4.

Our standard of review for an order sustaining preliminary objections is well settled.

In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt.

Brosovic v. Nationwide Mut. Ins., 841 A.2d 1071, 1073 (Pa. Super. 2004) (citation omitted); see also Francesco v. Group Health Inc., 964 A.2d 897, 899 (Pa. Super. 2008) (stating that this Court "must determine from the facts averred, whether the law says with certainty that no recovery is possible." (citation omitted)).

In their first issue, Plaintiffs claim that the trial court erred by sustaining Kreefer's Preliminary Objection to their claim for promissory estoppel on the basis that Plaintiffs' reliance on Kreefer's promise was unreasonable. See Plaintiff's Brief at 11-13. Plaintiffs direct our attention to paragraphs 19-21 of the Complaint, wherein they assert the following:

19. When [Kreefer] made the aforesaid promise to the Decedent and [] Karen and [] Alex, [Kreefer] should have reasonably expected that said promise would induce forbearance on the part of Decedent and said Plaintiffs.

20. Decedent and said Plaintiffs actually refrained from taking action in reliance upon [Kreefer's] said promise; that is, Decedent never made any change of beneficiary designation that was on file with Jackson Life Insurance Company[,] and said Plaintiffs never did anything to encourage Decedent to do so prior to Decedent's death[,] because they each justifiably and reasonably believed that [Kreefer] would keep her promise that she made to them.

21. Assuming without admitting that [Kreefer's] aforesaid promise was not supported by consideration, injustice can be avoided in this case only by enforcing [Kreefer's] said promise on the basis of the doctrine of promissory estoppel.

See id. at 12 (citing Complaint, 10/22/18, at ¶¶ 19-21).

The doctrine of promissory estoppel permits a claimant to enforce an agreement between parties in the absence of consideration. Crouse v. Cyclops Indus., 745 A.2d 606, 610 (Pa. 2000).

To maintain a promissory estoppel action[,] a claimant must aver the following elements: (1) the promisor made a promise that [she] should have reasonably expected would induce action or forbearance on the part of the promisee; (2) the promisee actually took action or refrained from taking action in reliance on the promise; and (3) injustice can be avoided only by enforcing the promise.

Sullivan v. Chartwell Inv. Partners, LP, 873 A.2d 710, 717-18 (Pa. Super. 2005) (citation and quotation marks omitted); see also Pennsy Supply, Inc. v. Am. Ash Recycling Corp., 895 A.2d 595, 606 (Pa. Super. 2006) (referring to RESTATEMENT (SECOND) OF CONTRACTS § 90, which would permit recovery by

an intended third party beneficiary who justifiably relies on a promise made by the promise).

Our review confirms that Count I of Plaintiffs' Complaint includes assertions supporting each of the elements of a promissory estoppel claim. See id. Accepting as true the facts asserted in the Complaint, and all inferences drawn therefrom, we conclude that Plaintiffs have pled sufficient facts to establish a prima facie claim of promissory estoppel. See Brosovic, supra; Sullivan, supra. We therefore reverse the trial court's Order granting Kreefer's Preliminary Objection with regard to Plaintiffs' claim for promissory estoppel.

In their second issue, Plaintiffs aver that the trial court improperly dismissed their claim for breach of contract, finding that there was no consideration for Kreefer's promise. See Plaintiffs' Brief at 13-15. Plaintiffs claim that, at the time Kreefer promised Decedent that she would abide by his wishes concerning the distribution of his life insurance proceeds, she had no intention of keeping her promise. Id. at 14. Plaintiffs also argue that Kreefer suspected that, had she failed to agree, Decedent would have changed the beneficiary designation on his policy. Id.

"A cause of action for breach of contract must be established by pleading (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages." Pennsy Supply, 895 A.2d at 600 (citation and quotation marks omitted); see also id. (explaining that consideration is "an essential element of an enforceable

contract." (citation omitted)). "Clarity [in the pleadings] is particularly important where an oral contract is alleged." Id. Additionally, "in the case of a disputed oral contract, what was said and done by the parties, as well as what was intended by what was said and done by the parties, are questions of fact to be resolved by the trier of fact...." Johnston the Florist, Inc. v. TEDCO Const. Corp., 657 A.2d 511, 516 (Pa. Super. 1995).

In its Memorandum in Support of Order, the trial court concluded that "[t]he oral promise alleged is unsupported by consideration and is unambiguously gratuitous and unenforceable." Memorandum in Support of Order, 2/6/18, at 4. Here, Plaintiffs alleged that Kreefer and Decedent entered into an oral contract whereby Kreefer would distribute the proceeds from the Jackson life insurance policy in accordance with the wishes set forth in the Document, and that Plaintiffs were the intended beneficiaries of the oral contract. See generally Complaint, 10/22/18, at ¶¶ 4-17. In light of the facts alleged in Plaintiffs' Complaint, which are assumed to be true, and the inferences reasonably deducible therefrom, we conclude that the averments in Plaintiffs' Complaint were adequate to survive Kreefer's Preliminary Objections. Indeed, Plaintiffs pled the existence of an oral contract, Kreefer's failure to distribute the Jackson life insurance policy proceeds under the oral contract, and damages. See id.; see also Sullivan, 873 A.2d at 716-17 (concluding that preliminary objections in the nature of a demurrer were improperly granted on a breach of contract claim where appellant averred the existence of a contract, the appellee's breach of the contract, and damages).

Further, whether the words, actions, and intentions of Kreefer and Decedent actually gave rise to an enforceable oral contract is a question for the fact finder. See Johnston the Florist, supra; see also Sullivan, 873 A.2d at 716 (stating that while the "[a]ppellant will carry the burden of proving the oral agreement's existence at trial, for purposes of this appeal [from an order granting preliminary objections] we are constrained to accept [a]ppellant's averments as true."). Accordingly, we reverse the trial court's Order sustaining Kreefer's Preliminary Objection as to Plaintiffs' breach of contract claim.

Each of Plaintiffs' remaining issues presupposes the existence of a valid oral contract between Kreefer and Decedent. See Plaintiffs' Brief at 15-17 (asserting that Kreefer waived her right to receive the full $500,000.00 life insurance proceeds by entering into a superseding contract with Decedent), 17-21 (claiming that Kreefer entered into the oral contract with no intention of performing under its terms), 21-22 (arguing that Kreefer's retention of the Jackson life insurance policy proceeds, in violation of the terms of the oral contract, entitled Plaintiffs to the imposition of a constructive trust). Because we have determined that Plaintiffs' Complaint was sufficiently pled as to the existence of an enforceable oral contract, and Plaintiffs' remaining claims rely on essentially the same facts and assertions, we must similarly reverse the trial court's Order sustaining Kreefer's Preliminary Objections as to Plaintiffs' claims for waiver, fraud, and constructive trust.

Based upon the foregoing, we reverse the trial court's Order dismissing Plaintiffs' Complaint with prejudice, and remand the case for further proceedings.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  10/15/2019